**YOUNG et al. v. ELDRIDGE et al.**

**ELDRIDGE et al. v. YOUNG et al.**

Court of Appeals of Kentucky.

Nov. 2, 1951.

484

Chat Chancellor, Frankfort, Fritz Krueger, Somerset, for appellants Barnett Eldridge and others.

Harry V. McChesney, Jr., Robert M. Pearce, Frankfort, for appellee Robert F. Young, Jr.

J. Jerald Johnston, Asst. Atty. Gen., for appellees John C. Watts, Director of Division of Motor Transportation, and J. Carl Rosskopf.

SIMS, Justice.

The appeals in these two consolidated actions are from judgments of the Franklin Circuit Court and involve the review of orders made by the Commissioner of the Department of Motor Transportation, hereinafter referred to as the Department, relative to renewing, granting and refusing certain certificates in which the parties litigant are interested. The questions presented are mostly legal ones and as the certificates are quite numerous, as well as the towns through which the routes pass, we will make as little reference to them as possible, consistent with an understanding of the issues.

For the sake of brevity we will refer to Robert F. Young, doing business as G & Y Transfer Company, as "G & Y"; to Barnett Eldridge, doing business as Eldridge Truck Lines, as "Eldridge"; and to Hayes Freight Lines as "Hayes".

The first case bears the number 41983 and we now discuss it. Prior to May 1948, G & Y purchased certain certificates from their then holders covering routes from Louisville to points in Russell County and from Somerset through Russell Springs and Jamestown to Albany. Among them was certificate No. 110, covering a route from Louisville to Russell Springs, which had not been renewed since 1943. On May 21, 1948, G & Y filed a motion before the Department asking it to renew certificate No. 110, and tendered $150 covering the annual fee from 1943 to 1948. It seems that G & Y has rendered truck service for years from Louisville to Somerset under certificates No. 343 and No. 488 which do not authorize such service. Before the hearing G & Y broadened its motion to the effect that if the Department refused to renew certificate No. 110, it desired to offer proof for the granting of a new certificate covering the identical route of No. 110. However, no application for a new certificate was filed.

Both Eldridge and Hayes protested at the hearing, as they stated they were rendering service between the points involved. Proof was introduced and on May 13, 1949, the Department denied the motion to renew, also the motion to operate a route identical with that covered by certificate No. 110, both without prejudice. On June 2, 1949, G & Y appealed to the Franklin Circuit Court but filed no transcript of the evidence heard before the Department, and the action remained on the docket until final judgment was entered in action 42164, which we will now discuss.

G & Y continued to render service over the route allowed by certificate No. 110 but under certificates No. 343 and No. 488 which did not authorize this service. Eldridge duly filed a complaint with the Department averring G & Y was violating its certificates and encroaching upon him. This hearing was set for May 31, 1949, and on May 13, 1949, G & Y filed an application for a certificate for an unrestricted operation from Louisville to Jamestown over what

Eldridge called "a slightly different route" from that involved in action 41983, which was then pending on appeal in the Franklin Circuit Court. However, G & Y contend this application covers a route 50 miles distant from the route involved in action 41983. The hearing was set by the Department for August 4, 1949, and Eldridge, Hayes and several other truckers protested and questioned the Department's jurisdiction to entertain what they called "a second application by G & Y while the Department's ruling on the original motion was pending on appeal in the Franklin Circuit Court".

The Department ruled that G & Y must cease handling freight to Somerset under its certificates No. 343 and No. 488 but granted it a certificate from Louisville to Somerset and from Louisville to Jamestown. This ruling was affirmed by the Franklin Circuit Court, which also affirmed the ruling of the Department in case 41983 where it denied G & Y's motion to reinstate certificate No. 110 and refused to entertain its motion to issue a certificate for a route identical with that covered by No. 110.

G & Y appealed from the judgment in 41983 and Eldridge appealed from the judgment in 42164 which granted G & Y an unrestricted certificate from Louisville to Jamestown.

It will take but a moment to dispose of the first appeal. It is provided in KRS 281.-120 (which was in effect when these cases arose but later was repealed and is now KRS 281.650), "No operating rights under a certificate shall be effective after January 1 of any year unless extended for the subsequent year by the payment to the division of the fees prescribed for original applications".

■ Here, there was a failure to renew certificate No. 110 for six years and the Department correctly refused to accept $150 from G & Y and reissue the certificate. Likewise, the Department was correct in its ruling wherein it denied the motion of G & Y for a new certificate over a route identical with No. 110, since no application for this new route was filed. KRS 281.050 (now KRS 281.620).

■ In disposing of G & Y's appeal in action 41983, we have answered Eldridge's contention that the Department was without jurisdiction to hear G & Y's application for an unrestricted certificate from Louisville to Jamestown while the appeal was pending from the Department's ruling wherein it refused to renew certificate No. 110 or to grant a new certificate covering an identical route. That action had no relation to suit No. 42164 wherein G & Y was seeking an unrestricted certificate; hence KRS 281.100 (now KRS 281.645), providing that when an application has been refused, no other application by the same person can be made within six months covering the same or similar route, does not apply. Nor does Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221, apply. In the Ford case it was held the Board had no jurisdiction in a matter while its decision thereon was pending on appeal in the Circuit Court of Appeals. We agree with Eldridge that the Department would have no jurisdiction to consider a new application for the same route it had denied while its ruling was pending on appeal in the circuit court, but we have no such question here.

■ This leaves us only the question, was there any evidence of a substantial nature in action 42164 to sustain the Department's finding that there was "a public convenience and necessity" for the unrestricted certificate it issued G & Y from Louisville to Jamestown, or was its action arbitrary or capricious. If there was such evidence and the Department did not act arbitrarily or capriciously, the circuit court was correct in upholding its order. It is not for the courts to determine whether "public convenience and necessity" exist for the granting of a certificate. That is a question for the Department. On review the courts shall say whether there is any substantial evidence to support the Department's finding or whether it acted arbitrarily or capriciously. KRS 281.420 (now KRS 281.785); Southeastern Greyhound Lines v. Pendleton, 309 Ky. 372, 217 S.W.2d 962; Greyhound Corp. v. Steele, Ky., 237 S.W.2d 833; Whittaker v. Southeastern Greyhound Lines, 314 Ky. 131, 234

486

S.W.2d 174; C. & D. Motor Delivery Co. v. Schroder, Ky., 242 S.W.2d 356.

Without going into the evidence in detail, the record shows E. H. Pierce, a country merchant at Watauga, testified he and other merchants located on Highway 35 greatly needed the daily service G & Y was rendering from Louisville; that it was the only daily service available to them and without it they would have to haul their freight from Albany. Tom Conner, who operates an electrical supply store in Albany, testified he needs daily service from Louisville and could get it only through G & Y. On the other hand, W. E. Farris and Robert Broyles, clerks in stores in Somerset, testified they were not in need of daily service and were amply served by Eldridge and Hayes, from whom they received freight "about four times a week".

The opinion of the Department points out that for years G & Y has operated over this route under the mistaken impression its certificate so permitted, and in view of the delay in the filing of the objection by Eldridge, the Department must consider the operation of G & Y as a continuous one by which business had been built up and a public need established. Furthermore, Eldridge is the only operator handling direct service between Louisville and Somerset, as the operation of Hayes is handled by interchange at Lexington.

■ There is ample substantial evidence in this record to support the Department's finding in action 42164 and the judgment of the circuit court so holding is affirmed.

The judgments in both cases are affirmed.