**HAYES FREIGHT LINES, Inc. et al.**

**v.**

**KENTUCKY TRUCK LINES, Inc. et al.**

Court of Appeals of Kentucky.

Jan. 29, 1954.

As Modified on Denial of Rehearing
June 25, 1954.

Smith, Reed & Leary, Rudy Yessin, Frankfort, for appellants.

R. Vincent Goodlett, George M. Catlett, Frankfort, for appellees.

MOREMEN, Justice.

The Department of Motor Transportation—in spite of the protest registered by seven carriers, who are appellants here—granted to Kentucky Truck Lines, Inc., one of the appellees, a certificate of public convenience and necessity by which it gave permission to Kentucky Truck Lines, Inc. to operate carrier service as follows:

1. From Frankfort to the George T. Stagg Distillery and return via Leestown Pike.

2. From Frankfort to Old Joe Distillery at Lawrenceburg, operating from Frankfort to Lawrenceburg over State Highway No. 35.

3. From Frankfort to the George T. Stagg Distillery at Bardstown, operating from Frankfort to Lawrenceburg over Highway No. 35 and from Lawrenceburg to the distillery at Bardstown via U. S. Highway No. 62.

The decision of the Department of Motor Transportation was appealed to the Franklin Circuit Court where its ruling was affirmed.

904

The appeal to this Court is based upon the contention that the decision of the Department of Motor Transportation was erroneous because the Commissioner ignored the requirements of KRS 281.630. This statute defines the Department's authority for granting or refusing a certificate of public convenience and necessity, and subsection (1) of said statute provides that a certificate shall be granted to a qualified applicant if it is found that the applicant is fit, willing and able properly to perform the service proposed and, further, that the existing transportation service is inadequate, and that the proposed service is, or will be, required by the present and future public convenience and necessity.

■ The findings of the Department of Motor Transportation are reviewable by the court, but the power of review may be only exercised within the narrow channels provided in KRS 281.785, which limit review by the courts to the determination of whether or not the Department acted in excess of its power, the order was procured by fraud, or is in conformity with the provisions of the act, and, further, whether the findings of facts, which were in issue, are supported by any substantial evidence. As pointed out in Young v. Eldridge, Ky., 243 S.W.2d 483, 485:

"It is not for the courts to determine whether 'public convenience and necessity' exist for the granting of a certificate. That is a question for the Department. On review the courts shall say whether there is any substantial evidence to support the Department's finding or whether it acted arbitrarily or capriciously."

■ At the time of appellee's application to the Department, the distilleries mentioned in the order were not being served over a direct route from Frankfort to Lawrenceburg and from Lawrenceburg to Bardstown. Shipments from Frankfort to Bardstown were over a circuitous route from Frankfort to Louisville and then to Bardstown, and the route from Frankfort to Lawrenceburg, although not as circuitous as the Bardstown route, was still greater than the direct route from Frankfort to Lawrenceburg over Ky. Highway 35. The distance between Frankfort and Bardstown, by the way of Louisville, is 92 miles, whereas the distance over the route granted appellee between those points is 55 miles. It is 95 miles from Lawrenceburg to Bardstown by the way of Louisville, but the short route is 44 miles.

It was also established, we believe, by sufficient evidence that appellee, when operating under the new certificate, will be able to furnish to the distilleries reliable one-day service between Frankfort and the other points designated in the order, and this one-day service seems to be of importance. The evidence details the peculiar nature of the whiskey business and defines the restricted character of every operation performed by distilleries. Whiskey may be transported only by a common carrier or by the owner if he be properly licensed and, when whiskey is shipped, it is always under seal which may be broken only by the federal representative at the point of destination and, if such a truck load of whiskey arrives at a plant after 4 p. m., it cannot be unloaded or inspected until the following day. This often involves extra guarding expenses. One of the witnesses explained in detail that unless whiskey shipped from Bardstown is delivered on the same day with enough time to permit clearance through the gauger's office, the next day's operation is lost in situations where a blending operation is in process.

We have no difficulty in determining that the evidence of need for a one-day service between these distilleries was sufficient to justify the finding of the Department.

The evidence discloses that one of the appellants, under certificate No. 422, has authority to operate a common carrier motor truck line between Frankfort and Lawrenceburg over Highway No. 35 and from Lawrenceburg to Bardstown over Highway No. 62. This certificate was acquired

from Whitney Transfer Co. on December 15, 1941. The proof also discloses that no shipment of whiskey over this route and under this certificate has been made; that, instead, trucks have operated through Louisville. It seems equally apparent to us that appellant has not offered to furnish shipping services over the short route between Frankfort and Bardstown although the effect of this failure is softened somewhat by the fact that the distillers have not demanded that such an operation be had. However, there is no conclusive evidence in the record that appellant intends to install such an operation.

Appellant, in his brief, takes the position that the distillers command and the carriers seek only to serve and, therefore, that the duty rests with the distillers to insist upon utilization of the route covered by Certificate No. 422.

We believe the Department of Motor Transportation reached a correct conclusion in regard to this point when it decided that the mere fact that a common carrier certificate already exists does not preclude the Department from granting another certificate when adequate service has not been given over that route. In fact, no service at all has been given over this route.

The facts presented in this case differ materially from those which were considered in Whittaker v. Southeastern Greyhound Lines, 314 Ky. 131, 234 S.W. 2d 174; and in Eck Miller Transfer Co. v. Armes, Ky., 269 S.W.2d 287, because in each of the foregoing cases, the holders of the existing certificates were rendering service.

It is true that the Branch Manager for Hayes Freight Lines testified that his company would perform the service over the short route if requested by the distillers, still there is no proof of any positive act that indicated the company was even desirous of furnishing service. The elapse of about 10 years without action of any kind is a forceful indication of the company's attitude towards this operation.

We recognize a clear distinction between a state of facts where the holder of the existing certificate was rendering a service which has become inadequate and one where the carrier has failed to render service of any nature.

We have concluded that the decision of the Department of Motor Transportation and the judgment of the Franklin Circuit Court were correct.

Judgment affirmed.

Chief Justice Sims, Justice Stewart and Justice Duncan, dissent.

DUNCAN, Justice (dissenting).

I am unable to concur in the majority opinion. It establishes the rule that an existing service is inadequate for the sole reason that it has never been utilized by the shippers.

Unlike a railroad or a bus line, most truck operations are not scheduled. The law and the regulations of the Department of Motor Transportation leave the routing of merchandise to the shipper. The carrier has no alternative but to accept the route designated by the shipper. All that the carrier can do is to make available to the shipper all of its service, over all or any of its authorized routes. Had Hayes operated over the shorter route between Frankfort and Bardstown, it would have violated the instructions of its shipper, but its failure to do so is held to be evidence of the inadequacy of its service.

The situation in the present case is this. The shipper, whose vice president is an officer and stockholder of the applicant for the new certificate, deliberately selects a circuitous routing for his merchandise and then supports the application because the service which it selected is said to be unsatisfactory.

Under the circumstances revealed by the record, I do not think there was evidence to support the granting of the certificate.

I am authorized to say that SIMS, C. J., and STEWART, J., join in this dissent.