Cleo **COYLE,** Elmer Coyle and L. F. **Drury,** d/b/a C. & C. Transfer Co., Appellants,

v.

**DEPARTMENT OF MOTOR TRANSPORTATION, John M. Kinnaird, Commissioner of Motor Transportation, and Arthur B. McRay, d/b/a McRay Truck Line, Appellees.**

Court of Appeals of Kentucky.

Dec. 7, 1956.

Rehearing Denied March 1, 1957.

Robert M. Pearce, McChesney & Mc-Chesney, Frankfort, for appellants.

Ollie L. Merchant, Louisville, George Willis, III, Frankfort, for appellees.

STEWART, Judge.

Under date of April 28, 1955, the Department of Motor Transportation granted Arthur B. McRay, d/b/a McRay Truck Line, a permit to serve as a contract carrier for Armour & Company, carrying cheese in refrigerated vehicles from its Springfield plant to its Louisville plant and transporting "incidental supplies" to Springfield on the return trip. The application was protested by appellants, Cleo Coyle, Elmer Coyle and L. F. Drury, d/b/a C. & C. Transfer Company. The latter hold a common carrier certificate and are authorized to render general service of this type between Springfield and Louisville.

. An appeal by C. & C. Transfer Company to the Franklin Circuit Court resulted in a dismissal of the appeal. The appeal to this Court challenges the validity of the permit issued to McRay on several grounds. Hereinafter we shall give our attention to a ground that we believe is determinative of this appeal.

A summary of the testimony discloses that the applicant, McRay, if he obtained the permit, planned to buy a refrigerated trailer and haul Armour & Company's cheese and its incidental supplies at a rate approved by the Department of 20¢ per cwt. Armour's representative testified it had been transporting its cheese itself but added it desired to discontinue this service with its own trucks. This witness asserted, however, that Armour would not abandon its own transportation setup if it could not secure a contract carrier to handle its proposed daily shipments, Armour not wanting to pay the 58¢ per cwt. rate fixed by the Department to be charged by a common carrier for haulage of the same freight. It was brought out that Armour's transportation needs required specialized services because it often wanted its deliveries made at irregular hours and on holidays and Sun-

days. On cross-examination this witness stated that Armour had used C. & C. Transfer Company's trucks on less than carload lots and that during World War II this company did all of Armour's hauling. All of this hauling was satisfactorily performed.

One of the partners of C. & C. Transfer Company testified his company gave "same day" service between Springfield and Louisville. His company, he stated, was desirous of handling Armour's trade and would purchase a refrigerator truck to do so if Armour would favor his company with its business, but he admitted his company did not work on Sundays or on certain holidays because the truck drivers belonged to a union that forbade their doing so. He testified that the common carrier rate as set by the Department for rendering the service in question was 58¢ per cwt., and that he did not believe anyone could profitably handle Armour's business at 20¢ per cwt.

A reading of the Department's final order indicates the permit was granted on the basis that the supporting shipper, Armour & Company, required a specialized service that could not be met by the facilities of the ordinary common carrier between Louisville and Springfield. In protesting the issuance of the order, C. & C. Transfer Company points out that the permit granted unto McRay authorizes him to transport Armour's cheese and incidental supplies at 20¢ per cwt., whereas the Department has fixed C. & C. Transfer Company's rate for transporting the same commodities under similar conditions at 58¢ per cwt. For this reason alone it is urged that the issuance of the permit should be denied because this rate differential violates KRS 281.675(2). This statute reads:

"Every contract made by a contract carrier for transportation service shall be just and reasonable, and shall be comparable, to the rate charged by any common carrier, and such contract carrier shall furnish adequate, efficient, safe and reasonable service."

This position is well taken. We do not believe that a contract–carrier rate approved by the Department, which amounts to only slightly more than a third of the legal rate made applicable to the same kind of transportation service rendered by a common carrier, can be considered "comparable". Two rates are comparable if they are substantially equal. See Mason v. Woods, Em.App., 172 F.2d 857, where the meaning of comparable is discussed. We do not mean to say that any rate to be charged by a contract carrier can never, under any circumstances, be different from the rate charged by a common carrier for a similar service. But we do say there should be some acceptable reason given for a rate differential so disproportionate for the same type of haulage as that under discussion. The Commissioner who handed down the order granting the permit to McRay has favored us with no explanation in this respect.

Therefore, since it cannot be maintained that, where the same transportation services are involved, a rate allowed to a contract carrier of 20¢ per cwt. is comparable to a rate fixed for a common carrier of 58¢ per cwt., we are of the opinion that the Department ran afoul of the comparable requirement as to the fixing of rates set forth in KRS 281.675(2). The order issuing the permit is adjudged to be erroneous for the reason given.

Wherefore, the judgment is reversed with directions that it be set aside and that the application of McRay be dismissed.