**HAZARD EXPRESS et al., Appellants,**

v.

**DEPARTMENT OF MOTOR TRANSPORTATION et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 30, 1959.

Robert M. Pearce, McChesney, McChesney, Kinker & Pearce, Frankfort, for appellants.

Herbert Liebman, Frankfort, George L. Willis, III, Asst. Atty. Gen., James W. Hoeland, Louisville, for appellees.

WADDILL, Commissioner.

The appeal is from a judgment of the Franklin Circuit Court upholding a final order of the Department of Motor Transportation granting appellee, Paul Combs, a contract carrier permit as defined by KRS 281.-010(7). This permit authorizes appellee to transport merchandise sold by the Belknap Hardware and Manufacturing Company between Louisville and certain points located in eastern Kentucky.

Appellants, holders of common carrier certificates who protested the issuance of the permit to appellee, contend there is no evidence in this record which will support the findings of the Commissioner of the Department of Motor Transportation that: Appellee is fit, willing and able to properly perform the service proposed; the existing transportation service is inadequate; and the proposed transportation operation by

appellee would be consistent with the public interest and the transportation policy as declared in Chapter 281 of the Kentucky Revised Statutes.

■ Court review of proceedings which were initiated before the Department of Motor Transportation is limited by KRS 281.785. This statute has been interpreted in recent opinions to give the Department, and not the courts, the authority to determine whether " 'public convenience and necessity' exist for the granting of certificate" and to limit the review of the courts to deciding whether there is any substantial evidence to support the Department's finding and whether the officers of the Department acted arbitrarily or capriciously. Hayes Freight Lines, Inc. v. Kentucky Truck Lines, Inc., Ky., 269 S.W.2d 903, 904; Young v. Eldridge, Ky., 243 S.W.2d 483.

The record reflects that appellee has operated as a contract carrier for the Klarer Provision Company for approximately fourteen years. During this period his transportation service was satisfactory to the Klarer Company and to the Department of Motor Transportation.

Appellee owns two trucks valued at $5,800, and his home which has an appraised value at $12,000. Outstanding liens on his property amount to about $7,100. He presently employs three men to assist him in his transportation business, two of whom are experienced truck drivers. He proposes to purchase other trucks and equipment in the event that his pending application for a permit to transport freight for the Belknap Company is approved. He testified that the Baker Motor Company had agreed to furnish him the equipment he needs to perform the contemplated trucking service for Belknap.

R. A. Whitty, transportation director of the Belknap Company, testified that Belknap annually consigns over a million pounds of freight to common carriers for delivery to its customers who reside in the area which appellee seeks to serve by his transportation service. Whitty stated that the service being rendered by the common carriers was inadequate and unsatisfactory because: (1) No single common carrier offering motor propelled service is authorized to receive freight from Belknap at Louisville and to transport it to places which appellee proposes to serve; (2) existing conditions, such as compulsory interchange of freight between common carriers serving the area, cause numerous shipments of freight to be unduly delayed, resulting in loss of business to out-of-state competitors; (3) approximately 90% of the freight consigned by Belknap for delivery to the points sought to be served by appellee is transported by (motor-propelled) common carriers; (4) no transportation service is furnished by railroad to many of the places that appellee proposes to serve.

Several other witnesses, including three salesmen who solicit business for Belknap in eastern Kentucky and who are familiar with the transportation problems in that area, testified to the effect that the existing freight service from Louisville to the points which appellee seeks to serve is wholly inadequate.

■ Although the testimony of the appellants and their witnesses was to the effect that the transportation service being rendered by the common carriers was adequate and efficient and that it would be contrary to the public interest to grant appellee a permit, we are of the opinion that the evidence upon which the Department rested its findings was substantial in quality and quantity and amply sufficient to sustain the judgment of the circuit court in so holding.

■ Appellants further contend that the rate approved by the Department for the transportation service which appellee has contracted to perform for Belknap is not comparable to the rate charged by common carriers rendering similar service. There-

fore, we are asked to reverse the judgment on the ground that the rate differential violates KRS 281.675(2). This subsection of the statute provides:

"Every contract made by a contract carrier for transportation service shall be just and reasonable, and shall be comparable to the rate charged by any common carrier, and such contract carrier shall furnish adequate, efficient, safe and reasonable service."

In Coyle v. Department of Motor Transportation, Ky., 298 S.W.2d 303, we held that KRS 281.675(2) requires the rate approved for a contract carrier to be substantially equal to the rate charged by common carriers for similar transportation service unless a satisfactory reason appears for the differential in the two rates.

Appellee's contract with Belknap provides for Belknap to pay appellee $1.50 for each hundred pounds of freight which appellee transports for Belknap from Louisville to any of the places which appellee's permit authorizes him to serve. Appellants urge that this rate is not substantially equal to the minimum rate for common carriers fixed by Kentucky's Intrastate Tariff regulation No. 7B. However, appellants' argument, as we understand it, overlooks the fact that the rate approved for appellee's transportation service is a rate, according to R. A. Whitty, which is substantially the average rate now being charged by common carriers for similar transportation service.

The Commissioner of the Department of Motor Transportation specifically found that Belknap has "contracted to pay higher freight rates to applicant [appellee] than it would be required to pay for existing common carrier service." Under the state of the record we cannot say that there was no substantial evidence to support his finding in this respect.

Judgment affirmed.