**Paul COMBS, d/b/a Combs Truck Line,**
**Appellant,**

v.

**Tom JOHNSON, d/b/a Hazard Express,**
**Pinson Transfer Company, Inc.,**
**Appellees.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

Rehearing Denied Feb. 26, 1960.

Herbert D. Liebman, Frankfort, for appellant

Robert H. Kinker, Frankfort, for appellees.

CLAY, Commissioner.

This controversy involves the question of whether or not the Department of Motor Transportation properly granted a common carrier motor freight certificate to appellant Combs. On appeal by protesting carriers to the Franklin Circuit Court the order granting the certificate was set aside.

The proposed transportation service involves the carriage of freight between Louisville and points in Eastern Kentucky, the route passing through Lexington. Between Louisville and Lexington the new service will compete on a route served by three of the protestants, and from Lexington to Jenkins and other points in Eastern Kentucky it will compete with an operation of protestant Hazard Express. Thus the proposal is to authorize a new carrier to furnish a similar service in an area now occupied by other common carriers.

Under KRS 281.630(1) a certificate authorizing this operation may be granted by the Department of Motor Transportation if "the existing transportation service is inadequate" and the new service "is or will be required by the present or future public convenience and necessity" and "will be consistent with the public interest and the transportation policy" declared by the applicable statutes.

One of the declared policies of the regulation of transportation is stated in KRS 281.590 to be:

"To promote safe, adequate, economical and efficient service and foster sound economic conditions in transportation and among the several carriers".

Before going into the question of the public need for the new service, it is necessary that the applicant be found fit, willing and able to perform it. This finding was made by the Department, and the protestants attack such finding. We will assume there was sufficient substantial evidence to support it. The significant issue in the case is whether or not there was substantial evidence to support the finding of the Department that the present service furnished by other carriers is inadequate and the new service is necessary in the public interest.

■ It is not the function of the trial court or this Court to try the merits of this application, and the Department's determination must be upheld if it is based upon substantial evidence of probative value. Barnes v. Turner, Ky., 280 S.W.2d 185.

■ The considerations in determining what constitutes inadequate service so as to justify authorizing a new service over a route served by an existing carrier are thus stated in Eck Miller Transfer Co. v. Armes, Ky., 269 S.W.2d 287, 289:

"'* * * the inadequacy must be due either to a substantial deficiency of service facilities, beyond what could be supplied by normal improvements in the ordinary course of business; or to indifference, poor management or disregard of the rights of consumers, persisting over such a period of time as to establish an inability or unwillingness to render adequate service.'"

The ground of a deficiency in service facilities is not here in issue. The principal proof in the case for the applicant was directed to the deficiency in service.

A number of witnesses testified in substance that the companies or businesses they represented experienced some difficulty in getting shipments to Eastern Kentucky; that the existing service was poor;

that some shipments were damaged; and that the present service from Louisville was "very slow" and "not satisfactory".

The protestants contend, however, that these broad generalizations with respect to the inadequacy of service did not constitute substantial evidence for the reason that they are only opinions unsupported by sufficient specific facts. It is true that several instances of slow and unsatisfactory service were given. While some of these instances were explainable and some were not, the principal cause of delay seems to have been the necessity for interchanging freight at Lexington. In determining the substantiality of this testimony, it is also pointed out that part of it was based upon hearsay, and some was given by shippers who were not using or not intending to use common carrier service on these routes.

■ It is clear from the record that the present service from Louisville to Eastern Kentucky is not the fastest possible for the reason that freight must be interchanged at Lexington. (None of the present carriers are authorized to transport directly from Louisville to Eastern Kentucky.) It also appears that a direct service would be more convenient to both shippers and consignees, and the Department expressed the view that they were entitled to such direct service. To the extent that the latter is a legal conclusion, we find no justification for it in the statutes governing this type of transportation service. To the extent that it constitutes a finding of fact, it must be supported by substantial evidence. We think the principles announced by the Interstate Commerce Commission in Pine Tree Transport Inc., 54 M.C.C. 669, 675, are sound:

"The shipper is not entitled as a matter of right to direct motor carrier service to every point to which it ships when reasonable adequate interline service is available. Existing carriers have substantial investments in operating rights, facilities and equipment necessary to institute and sustain their operations, and they are entitled to all the traffic they can handle adequately, efficiently, and economically, in the territories which they serve without the competition of an additional service. In the absence of convincing evidence, therefore, of a clear-cut public need for applicant's proposed service which the more experienced and better equipped existing carriers cannot or will not satisfy, we conclude that the application must be denied."

■ Inadequacy and public need are relative terms. It is impossible to consider these questions without taking into account the type of service involved, the facilities that may be economically utilized, and the amount of available freight to be transported. From this record it appears that most of the freight is hauled from Louisville to Eastern Kentucky, without there being a reciprocal flow of return freight. It also appears that the freight requirements of Eastern Kentucky are not extensive, and applicant failed to show any anticipated substantial increase in freight which would justify an additional carrier.

In determining inadequacy and public need, both of these factors are important. Economic considerations are specified in the statute outlining governing policies, and for this reason, a rather strong showing of inadequacy and public need should be made to justify authorizing another carrier to furnish additional service. Too many competing carriers on a particular route, without sufficient freight to support all, could impair the ability of existing carriers to furnish their present service.

■■ The fact that shippers would like better service or that it would be more convenient is not sufficient substantial evidence that the present service has that character of inadequacy which would justify the granting of a certificate to a new carrier. As said in the Eck Miller case, above quoted (Eck Miller Transport Co. v. Armes, Ky., 269 S.W.2d 287, 289), that inadequacy must consist of indifference,

poor management, or disregard of the rights of consumers persisting over such a period of time as to establish inability or unwillingness to render adequate service. Applicant's proof of some instances of unsatisfactory service did not constitute substantial evidence of such inadequacy, nor was it sufficient to establish that the present carriers on this route lack the ability or inclination to furnish reasonably adequate service in the light of the conditions shown to exist. In substance the situation is the same as that shown in Jones v. Webb Transfer Line, Ky., 328 S.W.2d 407.

We are of the opinion the circuit court properly set aside the Department's order granting this certificate.

The judgment is affirmed.