Robert O'NAN, d/b/a O'Nan Transportation
Company, Appellant,

v.

ECKLAR MOORE EXPRESS, INC., et al.,
Appellees.

Court of Appeals of Kentucky.

Oct. 21, 1960.

J. D. Buckman, Jr., Frankfort, Charles M. Blackburn, Gentry McCauley, Jr., Versailles, Robert E. Adams; Adams, Miniard & Oliver, Lexington, for appellant.

Harry McChesney, Jr., Frankfort, George L. Willis, III, Dept. of Motor Transportation, Frankfort, for appellees.

CULLEN, Commissioner.

The Kentucky Department of Motor Transportation granted a regular route common carrier certificate to Robert O'Nan d/b/a O'Nan Transportation Company, authorizing operation between Louisville and Paducah over U. S. Highway No. 60, serving all intermediate points except those between the commercial area of Louisville and the commercial area of Owensboro, and authorizing service of all off-route points within three air miles of the designated route. Protesting carriers appealed to the Franklin Circuit Court, which entered judgment setting aside the order of the department. O'Nan has appealed from the judgment.

The decision of the circuit court was based upon the conclusion that there was no substantial evidence to support the finding of the department that the existing transportation service is inadequate, which finding was necessary to the granting of the certificate under KRS 281.630(1).

Three existing motor carriers, Hayes Freight Lines (under control of McLean Trucking Company), Arnold Ligon Truck

Line, and A. & H. Truck Line, operate single-line services between Louisville and Paducah, either partly or entirely over U. S. Highway No. 60, and while none of the three serve all intermediate points covered by the O'Nan application they all serve the points from Henderson to Paducah. In addition, Denver-Chicago Trucking Company operates from Louisville to Henderson, serving all points between Owensboro and Henderson. Another motor carrier operates a single-line service between Louisville and Paducah via Nashville. Direct transportation service for all the points covered by the O'Nan application also is available by railroad and, on small shipments, by Greyhound Bus. Other motor carriers provide some service by interchange or transfer.

While O'Nan's application was specifically for the Louisville-Paducah route it appears that O'Nan has operating rights from Covington to Louisville, so the question of service from Covington to the points west and south of Louisville was involved in the hearing. Only two existing carriers provide single-line service from Covington to Paducah, and they both operate via Nashville so do not serve any points on U. S. Highway No. 60. Other existing service to these points from Covington is only by way of interchange at Louisville.

■ As concerned the question of the adequacy of the service from Covington to the points west and south of Louisville there was the testimony of a few consignee witnesses (mainly liquor retailers) that they desired overnight service from Covington and that the shipments by existing carriers frequently were two or three days in arriving. Most of the shipments to these consignees were of relatively small quantities. The substance of the testimony of these witnesses was that overnight service would be more convenient and desirable for the purposes of their business. However, the mere fact that patrons would like more convenient or better service is not a ground for granting a certificate to a new carrier if the service of existing carriers is reasonably adequate considering the general public

needs and the economics of the motor carrier industry. Combs v. Johnson, Ky., 331 S.W.2d 730.

■ There was evidence that O'Nan, operating under a temporary certificate while his application was pending, had furnished overnight service to some of the witnesses mentioned above. This fact is of no real weight, in the absence of a showing that O'Nan could economically continue to render such service on a permanent basis. Such temporary service, rendered during the period when efforts were being made to convince the Department of Motor Transportation of the need for an additional carrier, cannot be considered a fair test of the kind of permanent service that could efficiently and economically be provided.

It is our opinion that there was no substantial evidence of inadequacy of existing service from Covington, within the test laid down in Eck Miller Transfer Co. v. Armes, Ky., 269 S.W.2d 287.

As concerned the question of adequacy of the service of existing carriers between Louisville and Paducah and the intermediate points, most of the evidence for the applicant was addressed to the service of Arnold Ligon Truck Line. The majority of the witnesses had made no effort to use any of the other truck lines serving the area, and none of them had tried all of the lines.

Eliminating the generalizations of the witnesses, there was evidence of only a few scattered instances of substantial delays in shipments attributable to the carrier. Some of these had occurred as long as two years before the hearing. Much of the testimony related to the desires of consignee witnesses for overnight service on relatively small quantities of merchandise.

Some complaint was made of delays by Ligon in the handling of C.O.D. collections and in the settlement of claims for damaged freight. However, most of these complaints related to shipments made some two years before the hearing. The complaints did not apply generally to the other carriers serv-

ing the area but were limited primarily to Ligon.

■ The statute, KRS 281.785, authorizes court review of the question of whether findings of fact by the Department of Motor Transportation are supported by "any substantial evidence." We have defined "substantial" evidence as being evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men. American Rolling Mill Co. v. Pack, 278 Ky. 175, 128 S.W. 2d 187; Wadkins' Adm'x v. Chesapeake & Ohio Railway Co., Ky., 298 S.W.2d 7.

■ The finding of fact here in question is that the existing transportation service is inadequate. While there was some evidence that might induce a conviction of some inadequacy on the part of Ligon alone, there was no evidence of inadequacy of the overall transportation service to the points in question. We refer to the tests of inadequacy stated in Eck Miller Transfer Co. v. Armes, Ky., 269 S.W.2d 287, and the controlling considerations stated in Combs v. Johnson, Ky., 331 S.W.2d 730.

The judgment is affirmed.