**FARSON MOTOR LINES, INC., Appellant,**

v.

**PINSON TRANSFER COMPANY, Inc., et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1960.

Thomas E. Phipps, Ashland, for appellant.

Rudy Yessin, Robert H. Kinker, Frankfort, William Hays, Winchester, for appellees.

CULLEN, Commissioner.

The Kentucky Department of Motor Transportation granted a contract carrier permit to Farson Motor Lines authorizing the transportation of steel products from Armco Steel Company, at Ashland, to Lexington. Protesting carriers appealed to the Franklin Circuit Court, which entered judgment setting aside the order of the department. Farson has appealed from the judgment.

The circuit court concluded that there was no substantial evidence to support the finding of the department that the service of existing carriers is inadequate, which finding is essential to the granting of a contract carrier permit under KRS 281.630(4).

The record discloses that the principal service sought to be rendered by Farson was the carriage of steel products from Armco to the Square D plant at Lexington, which plant at the time of the application and hearing was in the process of being completed and had not yet commenced full operation. Farson's application was predicated on *estimates* that Square D would require around 300 tons of sheet steel per month from the Armco plant. (On the basis of 10-ton loads this would be 30 truck loads per month, and on the basis of 15-ton loads it would be 20 truck loads per month.)

Farson's basic contention before the department was that the hauling of sheet steel, particularly in coils, requires special equipment, i. e., flat bed trailers, and special handling; that Farson has been engaged

exclusively in the transporting of steel products in interstate commerce in a number of states and has 67 flat bed trailers with personnel trained in the handling of steel; that the existing motor carriers on the Ashland-Lexington route have only two or three flat bed trailers and are not equipped or experienced to handle steel.

The evidence established, however, that steel can be carried satisfactorily on open top trailers (although with some less facility in making the loads secure); that the existing carriers have available or on order a number of open top trailers that should be adequate for the service in question; and that the existing carriers have had successful experience, though limited, in the hauling of steel.

■ Adequacy, as it relates to motor carrier service, is a relative term, and the question is whether the service is reasonably adequate. Combs v. Johnson, Ky., 331 S.W.2d 730. So the mere fact that flat bed trailers would be more convenient to use will not justify a finding that service by open top trailers is inadequate, if the latter are reasonably suitable for the use.

■ An evaluation of the evidence for Farson requires the conclusion that Armco's primary consideration was to secure substantially lower rates than those charged by the common carriers; that it had no complaint as to service but only as to rates. But it could not accomplish this objective through the granting of the permit to Farson, because the law requires that the rates of contract carriers be comparable to those of common carriers. See Coyle v. Department of Motor Transportation, Ky., 298 S.W.2d 303.

This case involves an unusual factor in that the service in question is entirely prospective or anticipatory. The existing carriers had not proved inadequate to handle the service, because no shipments had been offered for carriage. Farson's application in effect asked for a determination that the existing carriers could not handle the serv-

ice adequately if it should be tendered to them. It is our opinion that the evidence will not support such a finding of prospective inadequacy, and that the existing carriers should be afforded the opportunity to demonstrate whether or not they can render the service.

■ We concur in the conclusion of the circuit court that there was no substantial evidence to support the finding of the department that the existing transportation service is inadequate.

The judgment is affirmed.