**WEBB TRANSFER LINE, INC., Appellant,**

v.

**HARRIS TRUCKING COMPANY, Inc., the Department of Motor Transportation of Kentucky and Ben T. Combs, Commissioner, Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

H. V. McChesney, Jr., and Robert H. Kinker, McChesney & Kinker, Frankfort, for appellant.

R. Vincent Goodlett, Frankfort, Virgil Gaitskill, Dept. of Motor Transportation, George M. Catlett, Catlett & Amato, Frankfort, for appellees.

CULLEN, Commissioner.

Webb Transfer Line, Inc., a *common* carrier serving Shelbyville, Kentucky, appeals from a judgment of the Franklin Circuit Court which upheld an order of the Kentucky Department of Motor Transportation

granting a *contract* carrier permit to Vernon Jones, d/b/a Jones Transfer Line, authorizing the intrastate transportation of materials and supplies from various Kentucky points to the plant of Roll Forming Corporation in Shelbyville, and the transportation of manufactured products from the plant to various Kentucky points. (Pending this appeal the permit in question was transferred by Jones to Harris Trucking Company, which has been substituted here as an appellee.)

The order of the department granting the permit was issued in April 1955, and an appeal was taken promptly to the circuit court. However, for some reason which the parties have not chosen to explain to us, the case lay dormant in the circuit court for 10 years, and judgment was not entered until January 1965.

■ The appellant contends, first, that the evidence did not support the finding of the department that Jones was "fit" to perform the service, which was one of the qualifications specified in KRS 281.630(5), 1953 Edition. The contention is based on evidence that Jones, before obtaining the permit in question, had undertaken for a period of time to haul property for Roll Forming Corporation under some other permit, or as a "U-Drive-it" operation, and later had attempted to continue the service through the device of purporting to sell one of his trucks to Roll Forming Corporation. Each of these operations was stopped by DMT orders. Jones testified, however, that some of these operations were pursuant to suggestions by an agent of the department as to how he might validly proceed. Also, Jones gave testimony from which it might reasonably be concluded that the sale of the truck was genuine. In our opinion the department was warranted in concluding that Jones had not followed a policy or pattern of evasion of the law, or committed violations of major significance. See Hazard Express v. Combs Motor Freight, Inc., Ky., 372 S.W.2d 807. Accordingly, its finding that Jones was "fit" was proper.

■ The appellant next maintains that the granting of the permit to Jones was not "consistent with the public interest and the transportation policy declared in" KRS Chapter 281 (this being another requirement set forth in KRS 281.630(5), 1953 Edition). This argument is predicated on the proposition that there was no showing of inadequacy of existing service or of the inability or unwillingness of existing carriers to render the service. The appellees argue that a showing of inadequacy of existing service was not a requirement under the statute as it read in 1955, specific language setting forth such a requirement not having appeared in the statute until the amendment of 1957. See now KRS 281.630(4). We think it is unnecessary to decide the statute construction issue, because in our opinion there was, in any event, a sufficient showing of inadequacy of existing service in the sense that the service required by Roll Forming was so unique or specialized that existing *common* carriers would not be able to perform it in a reasonably satisfactory manner. See Truckway Corporation, 10 F.C.C. 329. Furthermore, there was some evidence of specific instances of unsatisfactory service by Webb. It is true, as appellant points out, that these instances involved inter*state* service, but that does not render the evidence irrelevant to the issue of the general character of Webb's service. We think the evidence warranted a conclusion of the department that the nature of the goods to be hauled and the time requirements of the shipper created a special service need so that the granting of the permit to Jones was consistent with the public interest and the transportation policy declared in the Kentucky motor carrier statutes.

■ The third contention of the appellant is that the rates proposed to be charged by Jones were not "comparable" to those of the common carriers, as is required by KRS 281.675(2). The record shows that the rate differential in *truckload* lots is not great; the big differential is in *less than truckload* lots, where Jones' rates are

from 37% to 43% lower than those of the common carriers.

We said in Coyle v. Department of Motor Transportation, Ky., 298 S.W.2d 303, that unless there is "some acceptable reason" for a large (in that case 60%) differential in the rates, the rates cannot be considered to be comparable. In the instant case, it appears that the size of the differential is attributable in substantial part to the fact that the less than truckload rates of the common carriers are much higher than their truckload rates, whereas Jones' are only a little higher. This points up the fact that to a *common* carrier, hauling goods for everyone, there are extra costs, attributable to loading problems, lower volume, etc., in the handling of less than truckload lots. Some of those extra costs may not arise in the case of a *contract* carrier who is hauling the goods of only one patron. Furthermore, with a specialized kind of service, operating methods and devices may be designed specifically to meet the peculiar requirements of the service, which will reduce labor costs and handling time. We are not convinced that the differential in the instant case is so great and so lacking in justification that the department could not reasonably find the rates to be comparable.

It is our conclusion that the department acted properly in granting the permit to Jones. This conclusion makes it unnecessary for us to consider the equities arising from the fact that the appeal attacking the order of the department was allowed to gather dust for 10 years in the circuit court, during which time, in two proceedings in which Jones sought a *common* carrier certificate, the fact that Roll Forming Corporation was receiving *contract* carrier service from Jones was advanced by Webb and other carriers (with some degree of success) as a reason for denying a *common* carrier certificate to Jones. See Jones v. Webb Transfer Line, Inc., Ky., 328 S.W.2d 407; Webb Transfer Line, Inc. v. Jones, Ky., 379 S.W.2d 444.

The judgment is affirmed.