Vincent Todd HOWARD, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–002399–MR.

Court of Appeals of Kentucky.

May 13, 2011.

Discretionary Review Denied by Supreme Court Feb. 15, 2012.

Brandon Neil Jewell, Assistant Public Advocate, Frankfort, KY, for appellant.

Jack Conway, Attorney General, David W. Barr, Assistant Attorney General, Frankfort, KY, for appellee.

Before CLAYTON, COMBS, and WINE, JUDGES.

## OPINION

CLAYTON, Judge.

This is an appeal of the denial of a motion to suppress. We affirm the decision of the trial court.

## BACKGROUND INFORMATION

On May 14, 2009, Detective Albert Dixon of the Lexington Police Department searched the home of the Appellant, Vincent Todd Howard, pursuant to a search warrant that had been issued on May 12, 2009. Howard was arrested after 2.2 pounds of marijuana, hydrocodone pills and drug paraphernalia were seized from his residence. Howard was charged with trafficking in marijuana, possession of a controlled substance II, and use/possession of drug paraphernalia.

Howard filed a motion to suppress with the trial court, arguing that the search warrant Detective Dixon used was not supported by probable cause. After a suppression hearing, the trial court overruled his motion to suppress and Howard entered a conditional guilty plea to one count of trafficking in marijuana, eight ounces to less than five pounds. He was sentenced to one year in prison, to be served concurrently with a federal term he is serving.

Howard filed this appeal, arguing that the Fourth and Fourteenth Amendments to the U.S. Constitution and Section 10 of the Kentucky Constitution require suppression of all evidence obtained as a result of the execution of the search warrant because the affidavit for the search warrant contained insufficient facts to establish probable cause and that the "good faith exception" was inapplicable.

## STANDARD OF REVIEW

■ When reviewing the denial of a motion to suppress, we must uphold the trial court's findings if they are supported by substantial evidence. See *Talbott v. Com.*, 968 S.W.2d 76 (Ky.1998); *Canler v. Com.*, 870 S.W.2d 219, 221 (Ky.1994), (citing *Harper v. Com.*, 694 S.W.2d 665 (Ky. 1985)). Substantial evidence is "evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable men." *Kentucky State Racing Comm'n v. Fuller*, 481 S.W.2d 298, 308 (Ky.1972) (quoting *O'Nan v. Ecklar Moore Express, Inc.*, 339 S.W.2d 466, 468 (Ky.1960)). A trial court's findings of fact must be upheld unless they are clearly erroneous. See *Neil v. Biggers*, 409 U.S. 188, 193, 93 S.Ct. 375, 379, 34 L.Ed.2d 401 (1972); *Roark v. Com.*, 90 S.W.3d 24, 37 (Ky.2002). We review de novo the trial court's application of law to the facts. See *Com. v. Neal*, 84 S.W.3d 920, 923 (Ky.App.2002). With these standards in mind, we review the trial court's decision.

## DISCUSSION

The trial court found that the following supported the probable cause aspect of the warrant:

> Detective Dixon testified consistently with the information contained in the affidavit. He stated that on December 18, 2008, he received information from his supervisor that a confidential source reported that the Defendant was selling cocaine. The detective searched the narcotics computer data base and found that previously, on February 2, 2008, and August 29, 2008, the narcotics unit received information from confidential sources who reported that the Defendant was selling cocaine.
>
> On April 2, 2009, Detective Dixon received information from a confidential source that the Defendant was keeping unusual work hours. The detective verified the Defendant's address and searched for his prior criminal history. Based upon all of the information that Detective Dixon had gathered, he decided to do a trash pull. On May 5, 2009, Detective Dixon and Detective Lewis went to the Defendant's residence and located trash set out at the end of the driveway. They removed one bag from the large green container and three bags on the ground. Upon examining the contents, they discovered suspected marijuana and mail matter with the name of the defendant and Latrice Campbell.
>
> They performed another trash pull on May 11, 2009. Once again they located trash set out at the end of the driveway. They removed four bags from the large green container. Upon examining the contents, they discovered suspected whole marijuana leaves and mail matter with the name of the Defendant and Latrice Campbell.

Detective Dixon included all of this information in an affidavit and presented it to Judge Joe Bouvier who issued a search warrant on May 12, 2009.

The Defendant argues that there was no probable cause for the warrant to be issued. He correctly points out that mere allegations that the Defendant was dealing drugs are insufficient to establish probable cause. The Defendant is also correct in the reliability of the "tips" was questionable since the police were using information from an undisclosed confidential source. If Detective Dixon had stopped his investigation at this point, there clearly would not have been probable cause for a search warrant to be issued. However, Detective Dixon attempted to corroborate this information by conducting two trash pulls.

On two different occasions Detective Dixon located what he believed to be suspected marijuana. The Defendant argues that the officer's failure to test the substances prior to presenting the information in the affidavit is fatal to the search warrant. While the Defendant presented a line of federal cases which addressed the concern of testing suspected drug evidence, this Court does not find them to be controlling nor directly on point.

There is no requirement in Kentucky that officers test suspected drug evidence prior to obtaining a search warrant. This would seem to especially hold true for marijuana since it can not be field tested. If officers were required to wait for weeks for those test results, then there could be an argument that the information was stale. There would also be concern that the drugs had been moved during such a delay.

There was no evidence to support that Detective Dixon lacked the training and experience to have an educated opinion

about whether the substances he located were in fact marijuana. While this court was not presented the evidence to observe, the court acknowledged that Detective Dixon was much better suited to form the opinion of whether the substance was marijuana instead of the court making that determination.

Order dated October 22, 2009.

■ Howard argues on appeal that the search warrant affidavit that was submitted by the police to obtain the warrant did not set forth facts giving rise to probable cause. While Howard argues that *Epps v. Com.*, 295 S.W.3d 807, 809 (Ky.2009), sets forth the applicable standard of review, the Commonwealth contends that *Epps* applies to warrantless searches rather than those pursuant to a warrant. We agree. We find the case of *Com. v. Pride*, 302 S.W.3d 43 (Ky.2010), to be more on point.

In *Pride*, the Kentucky Supreme Court specifically found that a warrantless search standard of review was not applicable in searches conducted pursuant to a warrant. The Court looked to the case of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for the controlling standard, which provides:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.

*Id.* at 238–39, 103 S.Ct. at 2332 (internal citations omitted).

■ A warrant should be granted based upon facts given under oath, establishing probable cause, and "particularly describing the place to be searched and the persons or things to be seized." *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S.Ct. 1013, 1016, 94 L.Ed.2d 72 (1987). Based upon the totality of the circumstances, the trial court found there was sufficient probable cause for the issuance of the search warrant.

Howard argues that the tips set forth in the affidavit were vague, did not set forth with specificity who had given them, and that they were found on a police computer. There was also a tip that Howard worked unusual hours. As set forth above, the trial court acknowledged that these tips alone would not be sufficient probable cause for the issuance of a warrant.

The trial court opined that the evidence found in the trash cans located on Howard's property, when added to the anonymous tips, gave the issuing court probable cause to issue the search warrant. Howard, however, argues that there was no evidence within the four corners of the document to indicate Detective Dixon was familiar with what marijuana looked like. Also, Howard contends that tests on the suspected marijuana should have been conducted to make sure that it was, in fact, marijuana.

Howard relies on the unpublished case of *U.S. v. Mosley*, 2008 WL 1868012 (E.D.Ky.2008) (08–22–KKC), in support of his argument that Detective Dixon should have tested the suspected marijuana found in the trash cans. In *Mosley*, however, there was a three-month delay between the time the trash pull occurred and the issuance of the search warrant. Here, however, this was not the case. The trash pulls were on May 5 and May 11, 2009. The warrant was issued on May 12, 2009. It is important to note that there has been

no indication through testing that the substance Detective Dixon found in the trash cans was not marijuana. Given his training as a police officer, we find he had the necessary expertise to determine the substance was marijuana.

We find the trial court correctly concluded that, under the totality of the circumstances, there was probable cause for the issuance of the search warrant. Thus, we affirm the decision.

ALL CONCUR.