CITY OF LEXINGTON et al.

v.

WILBURN.

Court of Appeals of Kentucky.

March 5, 1954.

Foster Ockerman, Lexington, for appellants.

Harry B. Miller, Jr., Lexington, for appellee.

WADDILL, Commissioner.

Appellee, Jesse Lee Wilburn seeks a declaration of his rights under KRS 95.540 and 95.560.

The judgment appealed from was entered upon a motion for summary judgment, but for the purpose of this opinion we shall assume the following facts to be established: In October, 1952, at which time appellee had been a member of the Police Department of Lexington, a city of the second class, for over 20 years, the last 5 years of which time he had served consecutively, he applied for a pension as provided in KRS 95.560 and the application was denied for the reason that he had not complied with certain regulations adopted by the pension board.

Pertinent provisions of the two statutes in question are as follows:

"95.540 Rules; applications; records; reports.

"(1) The board of trustees of the pension fund in cities of the second and third classes may make all necessary rules for its government in the discharge of its duties, and shall hear and decide all applications for benefits or pensions. Its decisions on these applications shall be conclusive, and not subject to revision or reversal, except by the board. A record shall be kept of the meetings and proceedings of the board. * * *

"95.560 Pensions on retirement. (1) In cities of the second class, the pensions or benefits paid from pension funds on retirement shall be as follows: (a) Any member of the police or fire department having served twenty years or longer and the last five years thereof consecutively, may petition the board of trustees of the pension fund for retire-ment, and upon it being established that he is reasonably entitled to retirement the board shall order paid to him monthly fifty percent of his monthly salary at the time of retirement. * * *"

The pension fund is made up of revenue from a special city tax and in addition thereto of assessments up to 4% of policemen's and firemen's annual salaries.

Appellants, the trustees of the fund, are the mayor of Lexington, the city treasurer, the police chief, the fire chief, and two policemen and two firemen elected by their own members.

In this class suit for a declaratory judgment, the sole question we are called upon to decide is whether KRS 95.560 is self-executing in that an applicant for a pension need only satisfy the requirements set forth in the statute to be automatically entitled to the pension, or whether the trustees of the fund may establish additional requirements in determining who is "reasonably entitled" to retirement.

In answering this question we must bear in mind that it is not the only purpose of the fund to constitute a retirement annuity. The contributors to the fund are at all times during their employment protected by the fund against death or injury. It is a distinct possibility that the income sources of the fund, which are limited by the statute, would be insufficient to keep the fund from being depleted if the trustees of the fund were not allowed to safeguard it by making reasonable rules to determine entitlement to benefits. Naturally, such rules, when adopted, would have to be followed impartially by the trustees.

The learned trial judge held that KRS 95.560 was self-executing, and therefore, the board of trustees of the pension fund had no discretion, under the rules and regulations adopted by it, to deny pensions to those persons who were eligible to apply for pensions under the statute. However, we think the court misconstrued the statute. As we read and construe the

 

statute the legislature gave the pension board the right to adopt regulations to determine who is "reasonably entitled" to a pension. Certainly it was within the power of the legislature to vest in the board of trustees of the pension fund the authority to adopt rules and regulations and to make findings concerning all matters arising under the statute.

█ It is unnecessary for us to determine in this suit the question of the fairness or reasonableness of the rules and regulations which were in effect at the time this action was instituted because the judgment appealed from merely declared that KRS 95.560 was self-executing.

Wherefore the judgment is reversed for proceedings not inconsistent with this opinion.