**The CITY OF HENDERSON CIVIL SERVICE COMMISSION, et al., Movants,**

v.

**M. Adnan ZUBI, Respondent.**

Supreme Court of Kentucky.

March 30, 1982.

Rehearing Denied May 18, 1982.

---

Ronald G. Sheffer, W. Mitchell Deep, King, Deep, Branaman & Sheffer, Henderson, for movants.

William F. Polk, Jr., Walker & Polk, Henderson, for respondent.

William T. Warner, Nold, Mosley, Clare, Hubbard & Rogers, Louisville, for amicus E. G. Helm, Jr.

William T. Warner, F. Chris Gorman, Louisville, for amicus Jefferson County, Kentucky Police Merit Bd.

STEPHENSON, Justice.

The trial court found that the Civil Service Commission did not act arbitrarily in dismissing respondent on grounds of insubordination. The Court of Appeals reversed. We granted discretionary review and reverse the opinion of the Court of Appeals.

This appeal again presents the question of the extent of a "trial *de novo*" in circuit court. Trial *de novo* has had a chequered career in our jurisprudence. We have considered and reconsidered the proposition in all of its manifestations and finally arrived at *Brady v. Pettit*, Ky., 586 S.W.2d 29 (1979), as the final pronouncement on the subject. We are of the opinion we should adhere to *Brady* at least until a better idea comes along.

In summary *Brady* holds that the employee is entitled to something less than a classic "trial *de novo*." In the proceeding before the circuit court the dismissed employee has the burden of proof. He must furnish the transcript of the proceedings below and both sides may introduce other evidence. Then the circuit court's review is limited to a determination of whether in light of all the evidence the decision of the administrative body is arbitrary.

The Court of Appeals took the position there was some inconsistency in *Brady* and reversed the circuit court on the grounds that the circuit court should have tried the case *de novo* as fact finder. We are of the opinion this ruling of the Court of Appeals is erroneous in that it does not follow the limitation placed on *de novo* review by *Brady*.

The circuit court applied the proper standard of review. The Court of Appeals' opinion is reversed and the judgment of the trial court is affirmed.

All concur.