**CITY OF COVINGTON, Kentucky and the Board of Trustees of the Retirement Benefit Fund for Employees of City of Covington, Kentucky, Appellants,**

v.

**Marie TRANTER, Appellee.**

Court of Appeals of Kentucky.

July 6, 1984.

Stephen T. McMurtry, Covington, for appellants.

Philip Taliaferro, Covington, for appellee.

Before COOPER, MILLER and WILHOIT, JJ.

MILLER, Judge.

This is an appeal by the City of Covington, Kentucky, a city of second class (KRS 81.010[2]), and the Board of Trustees of the Retirement Benefit Fund for the Employees of the City of Covington, Kentucky (Board of Trustees) from a judgment of the Kenton Circuit Court reversing a decision of the Board of Trustees. We reverse the circuit court.

Marie Tranter, a former employee of the City of Covington for some thirteen years, sought early retirement based upon "occupational disability" as a result of an alleged injury suffered at work on December 2, 1981.[1] The Board of Trustees denied appellee's retirement pension benefits based upon occupational disability, but approved pension benefits based upon non-occupational disability; thereby precipitating the appeal by her to the circuit court.[2]

Retirement benefits for employees of the City of Covington are controlled by Commissioners' Ordinance No. 0–39–64. The record in this case is sparse. It does not contain the entire ordinance, but we deem it sufficient for our use in outlining the proper procedure. Further, the evidentiary record before the Board of Trustees, if indeed there was one, was never filed in the circuit court and, of course, is not a part of the record on appeal. The circuit court took judicial notice of appellee's workers' compensation proceeding then in progress. In addition, the court permitted Tranter to supplement the circuit court record with depositions taken in her compensation case, and rendered findings of fact and conclusions. Thereafter, the circuit court entered judgment, based upon its own findings and conclusions, that the appellee suffered an occupational disability and was entitled to retirement pension benefits as such. In short, the circuit court treated this matter as a true trial *de novo* proceeding.

Because of the confusion surrounding these proceedings, we are setting out the retirement scheme provided by the ordinance in question: Commissioners' Ordinance No. 0–39–64. Again, we refer to the lack of the entire ordinance in the record. Nevertheless, we apprehend the scheme, as follows: A city employee desiring early retirement based upon disability files an application together with supporting documents with the Board of Trustees. The board summarily approves or disapproves the early retirement. If the board approves, it also determines whether the disability is job related (occupational) or non-job related (non-occupational). This is necessary in determining the amount of the pension.[3] If the employee is aggrieved by this initial determination of the Board of Trustees, he may apply for a rehearing. From this point, the record contains a copy

---

1. At the same instance, Marie Tranter filed for workers' compensation benefits under KRS Chapter 342.

2. Although we are not furnished the relevant provisions of the ordinance, we glean from the record that an occupational disability pension is double the amount of a non-occupational disability pension. In appellee's case, the differ-ence is benefits exceeding $800 per month as opposed to something over $400 per month.

3. For example, the Board of Trustees may deny the application in its entirety; or, it may approve retirement, but, as in appellee's case, determine that the disability is non-occupational, thus reducing the pension benefits.

of relevant portions of the ordinance (0–39–64) which provides as follows:

### Section 32

After a determination has been made on any application by the Board, any interested person may, within twenty days after notice of the determination or finding of the Board, *apply for a rehearing with respect to any of the matters determined by the Board.* The application shall specify the matter of which a rehearing is sought. The Board shall fix the time for the rehearing within twenty days after the same is filed unless otherwise agreed by the parties. *Upon the rehearing a complete transcript shall be made of all evidence presented. The cost of such transcript shall be borne equally by the applicant for the rehearing and the Board.* Upon rehearing, the Board may change, modify, vacate or affirm its previous order upon said application and enter such an order as it deems necessary. (emphasis added)

### Section 33

(1) The order or determination of the Board upon the rehearing shall be conclusive and binding, but any interested party may, *within twenty days after the rendition of the order of the Board, by petition appeal to the Circuit Court of the County in which the City is located for a review of the order of the Board.* (emphasis added)

(2) The petition shall state fully the grounds upon which a review is sought, assign all errors relied on and be verified by the petitioner who shall furnish a copy to the Board at the time of filing of same. Summons shall be issued directing the Board to answer within twenty days and *directing the Board to send the original record to the Circuit Clerk certifying that such record is the entire original record of the rehearing which shall be filed by the Clerk of the Circuit Court and such record shall then become and be considered by the Circuit Court on the review. The appeal provided for herein shall not be considered*

*effective unless the person making the appeal has paid to the Board one-half of the cost of the transcript of the record of the rehearing within the period provided for making the appeal.* (emphasis added)

(3) *No new or additional evidence may be introduced in the Circuit Court* except as to fraud or misconduct of some person engaged in the administration of this ordinance, and affecting the order, decision or determination appealed from but *the Court shall otherwise hear the cause upon the record as certified by the Board* and shall dispose of the cause in summary manner, its review being limited to determining whether or not:

(a) The Board acted without or in excess of its powers;

(b) The order, decision or determination was procured by fraud;

(c) The order, decision or determination of the Board is not in conformity with the provisions of this ordinance;

(d) If findings of fact are in issue the party seeking to set aside any order, decision or determination of the Board shall have the burden of proof to show clear and satisfactory evidence that the order, decision or determination is unreasonable or unlawful. *If upon appeal as herein provided the order, decision or determination is reversed the party perfecting the appeal shall be refunded by the Board his portion of the costs paid for the transcript of the record made on the rehearing.* (emphasis added)

(4) The Board and each interested party may appear before the Circuit Court. *The Court shall enter judgment affirming, modifying or setting aside the order, decision or determination appealed from or in its discretion remand the cause to the Board for further proceedings in conformity with the direction of the Court.* The Court may, before judgment and upon a sufficient showing of fact, remand the cause to the Board. (emphasis added)

Section 34

(1) The judgment of the Circuit Court shall be subject to appeal to the Court of Appeals . . . . .

\*     \*     \*     \*     \*     \*

We observe that by way of KRS 90.400 and KRS 79.080, the City of Covington is specifically permitted to establish a pension fund for its employees. KRS 90.400(3) authorizes the city to create a board of trustees to administer the pension fund, including determining eligibility to receive the pension. Explicit in the statute and the case law is the power to adopt rules and regulations, and to make findings concerning all matters arising under the statute. *See City of Lexington v. Wilburn*, Ky., 265 S.W.2d 777 (1954). We further observe a very broad power of a city to govern its affairs under KRS 82.082 (Home Rule).

82.082. Power for public purpose only and not in conflict with Constitution or statutes.—(1) A city may exercise any power and perform any function within its boundaries, . . . that is in furtherance of a public purpose of the city and not in conflict with a constitutional provision or statute.

■ Clearly, under these authorities, the City of Covington could adopt an ordinance setting up and governing a pension fund. Our only concern in this case is with the scheme of the ordinance which provides for appeal from the Board of Trustees to the circuit court. In examining the action of the city, especially in light of the Home Rule Statute, we appear to have three options: (1) uphold the exercise of the power in the ordinance; (2) point to a state statute which conflicts with, and therefore forbids, the use of the power; or, (3) strike down the ordinance, or portions thereof, which are unconstitutional. For this analysis of the Home Rule Statute, *see* Morris, *Municipal Law*, 70 Ky.L.J. 287 (1981–82).

The ordinance places limitations upon the rights of a person disputing the decision of the Board of Trustees. The ordinance limits the time for appeal of the decision to twenty (20) days and mandates that venue of the appeal be in the circuit court of the county in which the city is located.[4] Section 33(1). It limits the review to the record as certified by the pension board and sets the standards the court shall use in reviewing the record. Section 33(3).

■ The statutes authorizing the city to establish and run a pension plan are silent as to the manner of appealing a decision of the pension board. Thus, under the Home Rule test, the ordinance in question in no way conflicts with the specific pension statutes. Our inquiry cannot stop here, however.

■ The jurisdiction of the courts of Kentucky is set by Section 109 of the Constitution and by statutes passed by the state legislature. Where the legislature has provided for a procedure for appealing an administrative case to the circuit court, we have no difficulty in upholding its use. In the absence of that statutory grant, the right of appellee Tranter to resort to the courts is implicit in Section 14 of the Kentucky Constitution. As stated in *Kendall v. Beiling*, 295 Ky. 782, 175 S.W.2d 489, 491 (1943):

It is the inherent power of the courts to scrutinize the acts of such administrative tribunals wherein the person or property rights of any individual have been adjudicated, and no special provision of the statute is necessary to confer authority already possessed by them under the constitution.

■ Our Kentucky Supreme Court, in the recently decided case of *Fiscal Court of Jefferson County, Kentucky v. Don Ridge Land Developing Co., Inc.*, Ky., 669 S.W.2d 922, 31 Ky.L.Summ. 6 (May 10, 1984), held that a lawsuit attacking a decision by the fiscal court denying a zoning change which was filed eight and one-half months after the fiscal court decision, was

---

4. This portion of the ordinance convinces us that the ordinance was not drawn specifically for the City of Covington, but was adopted from some state statute, all of which probably gives rise to the problems addressed herein.

timely filed. There, as here, no appeal was provided by statute from the decision of the deciding body. The fiscal court had *its own ordinance* providing that judicial review of its decision must be filed within thirty (30) days. The Supreme Court held that the ordinance went beyond the grant of power given to local governments. We believe that the same rationale applies in the case *sub judice.*

The City of Covington, by ordinance, cannot limit the power of the court. As no state statute provides for an appeal, appellee Tranter can resolve her dispute with the city by filing an original action in the circuit court, without regard to the time limitation imposed by the ordinance and within the time limits otherwise provided by law. The scope of review and burden of proof likewise cannot be limited by ordinance, but is as set out in *City of Henderson Civil Service Commission v. Zubi,* Ky., 631 S.W.2d 632 (1982), and *Brady v. Pettit,* Ky., 586 S.W.2d 29 (1979), which is a "limited" trial *de novo,* including review of the record of the board and other evidence properly introduced by the parties, in the circuit court proceeding. Therefore, we hold that Section 33 of Commissioners' Ordinance No. 0–39–64, as it provides for the time and scope of judicial review, is unconstitutional.

Appellee has relied upon the ordinance, Section 33(2), in paying one-half (½) the cost of the transcript which then obligates the Board of Trustees to certify the record and forward it to the court for review. That reliance distinguishes this case from the holdings of *Zubi* and *Brady, supra,* requiring the movant (person seeking review) to furnish the transcript. Upon remand, the circuit court shall require that the Board of Trustees certify the transcript to the court for its consideration, along with other competent evidence adduced by the parties.

For the foregoing reasons, we reverse the judgment of the Kenton Circuit Court and remand to the circuit court for proceedings consistent with this opinion.

All concur.