Bobby G. CROUCH, in his official capacity as Chief of the Jefferson County, Kentucky Police Department, Movant,

v.

JEFFERSON COUNTY, KENTUCKY POLICE MERIT BOARD and John A. Rogers, Respondents.

No. 86–SC–521–DG.

Supreme Court of Kentucky.

Sept. 8, 1988.

As Modified on Denial of Rehearing June 8, 1989.

William T. Warner, Conliffe, Sandmann, Gorman & Sullivan, Louisville, for movant.

Larry C. Ethridge, C. David Johnstone, Louisville, for respondents.

STEPHENS, Chief Justice.

The issues to be decided by this appeal are whether the de novo review of *Brady v. Pettit*, Ky., 586 S.W.2d 29 (1979), and *City of Henderson Civil Service Commission v. Zubi*, Ky., 631 S.W.2d 632 (1982), applies to KRS 78.455, and if so, to what is the extent of that review.

■ We hold that the *Brady* and *Zubi* standard of de novo review applies in all public employee discharge cases. The circuit court shall review administrative decisions by reviewing the record, briefs and any other evidence relevant to the narrow issue of arbitrariness in the discharge of an employee.

On November 30, 1976, Police Officer John Rogers was discharged by the Jefferson County Police Chief, pending resolution of criminal charges against him. He was accused of misconduct which included, among other offenses, driving under the influence. Rogers was granted a hearing by the Jefferson County Police Merit Board on January 27, 1981.[1] The Board then reversed his dismissal, holding that it was unjustified and unsupported by proper evidence. Although the Chairman of the Merit Board ruled that the issue of disparate treatment was not properly before them, he allowed the Jefferson County Police Chief to be questioned as to whether Rogers' discharge was a disproportionate penalty compared to a civilian employee charged with the same offense. Counsel challenged the Chief's credibility by questioning him as to less severe disciplinary actions taken with regard to other officers' alcohol-related accidents. Nevertheless, the impeachment evidence in this case was presumably not available for substantive

consideration by the Board. The police chief appealed, and the Jefferson Circuit Court reversed the decision of the Board, holding that the Board's action was clearly erroneous, being based on sympathy, and not substantive evidence. Finally, the court ruled that *Brady v. Pettit* does not apply to an appeal pursuant to KRS 78.455, and a completely new trial with new evidence should be held before the circuit court. Rogers appealed this decision to the Kentucky Court of Appeals, which reversed the circuit court and held that it was error to find that the Board's decision was not supported by the evidence presented. They found that it was improper for the circuit court to invade the mental processes of the Board members and second-guess whether the evidence presented at the hearing was persuasive. Furthermore, the Court of Appeals ruled that there is no distinction between the de novo statute at issue in this case, KRS 78.455, and the review statute in *Brady v. Pettit*.

Bobby Crouch, as chief of the Jefferson County Police Department, moved for discretionary review to this court, and we affirm the Court of Appeals in part and reverse in part.

Appellant argues that the *Brady v. Pettit* and *City of Henderson Civil Service Commission v. Zubi* cases should apply to all public employee discharge cases in Kentucky which involve similar "de novo" appeal statutes. In *Brady*, we were called upon to construe the meaning of KRS 67A.290, which provides in pertinent part:

(1) Any employe of the urban-county government found guilty by the civil service commission of any charge as provided by KRS 67A.280 or any action upheld under subsection (7) of the said section, or any amendment thereto, may appeal to the circuit court of the county in which the urban-county government is located

1. Rogers originally appealed to the Jefferson County Police Merit Board on December 7, 1976, but it was dismissed on January 20, 1977, because he failed to allege improper prejudice as required under KRS 78.455(1). Rogers appealed to the Jefferson Circuit Court and it remanded the case back to the Board for a supplemental hearing. The Board then summarily dismissed the appeal for failure to offer any evidence. The Jefferson Circuit Court finally remanded Rogers' case back to the Board on June 4, 1981, for a plenary hearing on the merits of his claim, and the Kentucky Court of Appeals affirmed this remand on April 2, 1982.

within thirty (30) days after such action becomes final, but the enforcement of the judgment of the civil service commission shall not be suspended pending appeal.

(2) Upon request in writing by the accused and the payment of costs therefor, the secretary of the civil service commission shall file a certified copy of the charges and the judgment of that body in the circuit court. *Upon the transcript being filed the case shall be docketed in the circuit court and tried de novo.* (Emphasis added.)

We held that, consistent with *American Beauty Homes Corporation v. Louisville and Jefferson County Planning and Zoning Commission*, Ky., 379 S.W.2d 450 (1964), a completely new trial could not be held by an appellate court and remain constitutionally sound. *American Beauty Homes* held that it is a violation of the separation of powers doctrine for the legislature to statutorily require an appellate level court to adjudicate upon administrative rather than judicial considerations. Furthermore, it is constitutionally impermissible for the General Assembly to confer upon the judiciary the identical duties and powers of an administrative commission.

The requirement in KRS 67A.290 of a de novo review from the decision of the Civil Service Commission was interpreted in *Brady* to mean less than a full evidentiary hearing as if no action had ever been taken. We find no discernible difference between KRS 67A.290, and the statute at issue here. KRS 78.455 provides:

In all cases provided for in KRS 78.445 and 78.450, the action of the chief or of the board shall be final except in the following cases:

(1) Every action in the nature of a dismissal, suspension, reduction or fine made by the chief, shall be subject to review by the board at the request of any officer or employee affected by KRS 78.400 to 78.460, and the board shall give notice and hold a public hearing with respect thereto, and in any case where, after such public hearing, a majority of the members of the board are of the opinion that the action of the chief is unjustified or unsupported by proper evidence, then the order of the chief may be set aside and revoked by the board and the board may impose such penalty or punishment as it may deem necessary and appropriate, if any.

(2)(a) Every action in the nature of a dismissal, suspension, reduction or fine made by the board shall be final, except that any person aggrieved thereby may, within twenty (20) days after the rendition of such action, appeal to the circuit court of the county in which the board meets. The board shall be named respondent as the county police force merit board, and service shall be had on the chairman thereof. The appeal taken to the circuit court shall be docketed by the clerk thereof as a civil action and shall be tried anew, as if no action had been rendered by the board.

(b) The judgment of the circuit court shall be subject to appeal to the Court of Appeals. The procedure as to appeal to the Court of Appeals shall be the same as in civil action.

Thus, after the Jefferson County Police Merit Board renders its opinion, an aggrieved party may appeal the decision to the appropriate circuit court which will sit as an appellate court.

Therefore, consistent with the constitutional parameters as explained in *American Beauty Homes*, the de novo review of *Brady* and *Zubi* applies to the case at bar and KRS 78.455.

■ We must now determine the proper scope of the de novo review granted to the appellate court. It is clear from *American Beauty Homes* and *Brady* that "de novo" is not, in this instance, a retrial of all the issues. The appellate court judge does not sit as a board and hear testimony. Nor does he or she determine the credibility or lack thereof, of witnesses. These tasks are assigned to the Board alone by the General Assembly, and may not, consistent with the separation of powers doctrine, be delegated to the courts.

Recognizing that something less than a new trial is demanded by the de novo review of KRS 78.455, the next step is to define how much less. For the answer to that inquiry, we again turn to *American Beauty Homes.* "Basically, judicial review of administrative action is concerned with the question of *arbitrariness." Id.* at 456.

[T]he exercise of discretionary power by the Commissioner, though resting ultimately on opinion as distinguished from pure fact, represents a factual finding and is not to be disturbed unless it is arbitrary or unreasonable. By "arbitrary" we mean clearly erroneous, and by "clearly erroneous" we mean unsupported by substantial evidence. By "unreasonable" is meant that under the evidence presented there is no room for difference of opinion among reasonable minds.

*Thurman v. Meridian Mutual Insurance Company,* Ky., 345 S.W.2d 635, 639 (1961).

 Therefore, it is incumbent upon the circuit court, sitting as an appellate court for the Board, to base its decision upon the transcript of the proceedings below, and any other evidence which is relevant to the issue of arbitrariness. *Zubi,* 631 S.W.2d at 632. No other evidence is to be admitted on appeal. However, the Jefferson Circuit Court failed to follow this standard. The judge examined not only the record and briefs, but affidavits and depositions to determine that the Board's decision was clearly erroneous, having been based upon sympathy and an inadequate investigation. The circuit court then ordered the case retained for a completely new trial, holding *Brady* and *Zubi* to be inapplicable to an appeal brought pursuant to KRS 78.455. We hold that this was error. The Court of Appeals reversed the Circuit Court on this issue, and we, therefore, affirm that part of the decision.

However, the Court of Appeals also held that the circuit court erred in applying the standard of review under KRS 78.455(2)(a) and in invading the mental processes of the Merit Board. They further concluded that it was error to find that the Board's order that the termination of Officer Rogers was unjustified to be unsupported by the evidence presented below.

 We hold that *Brady* and *Zubi* do indeed apply to the case at bar, as well as to all public employee discharge cases in Kentucky. We further hold that the standard of review to be applied to the cases in circuit court is a modified de novo, as explained in *Brady,* which allows the reviewing court to invade the mental processes of the Board to determine whether its action is not arbitrary. To determine arbitrariness, the appellate court may review the record, the briefs, and any other evidence or testimony which would be relevant to that specific, limited issue. The appeal is not the proper forum to retry the merits. It is limited only to the question of whether the Board's action was clearly unreasonable.

For the foregoing reasons, we affirm the Court of Appeals in part, and we reverse in part. Because of the improper evidence introduced before the Board, we remand this case to the Jefferson County Police Merit Board for a decision on the merits upon the basis of the existing record. Whether Officer Rogers was subjected to disparate treatment shall not be considered.

GANT, LAMBERT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.