RENDERED:  NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0876-MR

JOSHUA JAYNES                                            APPELLANT


v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE MITCHELL PERRY, JUDGE
ACTION NO. 21-CI-005290


CONSOLIDATED LOCAL
GOVERNMENT POLICE FORCE
MERIT BOARD A/K/A LOUISVILLE
METRO POLICE MERIT BOARD
AND LOUISVILLE METRO POLICE
DEPARTMENT                                      APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, DIXON, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellant, Joshua Jaynes, was terminated from the Louisville
Metro Police Department (LMPD), on January 5, 2021, for violating standard
operating procedures regarding the preparation of a search warrant and
untruthfulness.  Mr. Jaynes' termination resulted from an extensive LMPD

investigation surrounding the death of Breonna Taylor on March 13, 2020. Ms. Taylor was killed by LMPD officers while executing the search warrant that relied upon the search warrant affidavit prepared by Mr. Jaynes.

The LMPD's Professional Standards Unit (PSU) performed the initial investigation of Mr. Jaynes and other officers. As a result, former LMPD Chief Yvette Gentry terminated Mr. Jaynes' employment for violating LMPD Standard Operating Procedure (SOP), 8.1.17 and SOP 5.15. He appealed that decision to the Louisville Metro Police Board (Merit Board), which affirmed the underlying termination decision. Mr. Jaynes then appealed to the Jefferson Circuit Court, which affirmed the Merit Board.[1] Mr. Jaynes now appeals to this Court as a matter of right. He specifically argues: 1) The circuit court's opinion and order erroneously adopted the arbitrary and false findings of the Louisville Metro Police Merit Board; 2) The LMPD Merit Board made findings of fact which were false and arbitrary; 3) The LMPD Merit Board's lawyer displayed prejudice against Mr. Jaynes and his counsel and exceeded his role as advisor. For the following reasons, we affirm.

---

[1] On September 15, 2022, Appellee LMPD moved this Court to enter an order dismissing Appellant's appeal filed on July 18, 2022, on the grounds that it was from a non-final Opinion and Order entered by the circuit court on June 22, 2022. The basis of this Motion was that Appellant's July 18, 2022 Notice of Appeal only referenced the circuit court's June 22, 2022 Opinion and Order, and not the final Amended Opinion and Order entered on July 13, 2022. A panel of the Court denied the motion to dismiss on November 1, 2022. We are bound by that prior decision and will rely on the Amended Order entered on July 13, 2022.

## STANDARD OF REVIEW

A panel of this Court has previously discussed the applicable standard

of review as follows:

> In *Crouch v. Jefferson County, Kentucky Police Merit Board*, 773 S.W.2d 461 (Ky. 1988), the Supreme Court of Kentucky held that the standard of review to be applied by the circuit court in this type of case is a modified *de novo*. As explained in *Brady v. Pettit*, 586 S.W.2d 29 (Ky. 1979), this standard allows the reviewing court to invade the mental processes of the Merit Board to determine whether its action was arbitrary. To determine arbitrariness, the circuit court may review the record, the briefs, and any other evidence or testimony which would be relevant to that specific, limited issue. A decision is arbitrary if it is clearly erroneous. *Crouch* at 464, citing *Thurman v. Meridian Mutual Insurance Company*, Ky., 345 S.W.2d 635, 639 (1961). The appeal to circuit court is not the proper forum to retry the merits. It is limited only to the question of whether the Merit Board's action was clearly unreasonable. *Crouch*, 773 S.W.2d at 461.
>
> On appeal from the circuit court, however, this Court is guided by the clearly erroneous standard set out in Kentucky Rules of Civil Procedure (CR) 52.01. We are not to disturb the determinations of the trial court unless they are not supported by substantial evidence. *Stallins v. City of Madisonville*, 707 S.W.2d 349, 350 (Ky. App. 1986). Of course, as with any appeal from a decision of an administrative agency, we review the trial court's application of the law to the facts *de novo*. *See Reis v. Campbell County Board of Education*, 938 S.W.2d 880, 885-86 (Ky. 1996).

*Ca'Mel v. Louisville Metro/Jefferson Cnty. Metro. Gov't Police Dep't*, No. 2013-CA-001988-MR, 2015 WL 226088, at *6 (Ky. App. Jan. 16, 2015). With this standard in mind, we now turn to the record in the present case.

## ANALYSIS

The forty-two page unanimous decision by the Merit Board contains an extensive analysis of the underlying events, as well as numerous and precise findings in support of its decision. It ultimately concluded as follows: "The totality of the circumstances include what appears on its face to be a relatively clean employment history but what turned out to be a blunder, which contributed to a tragedy, in being untruthful in his Affidavit in support of the Search Warrant for 3003 Springfield Drive, #4." In its Opinion And Order affirming the Merit Board, the Jefferson Circuit Court provided the following instructive summary of the Board's decision:

> [I]t was established that Mr. Jaynes was the affiant for the search warrant of Breonna Taylor's apartment. In the search warrant, Mr. Jaynes stated that he had directly verified with a U.S. Postal Inspector that Jamarcus Glover was receiving packages at Ms. Taylor's address. However, it was then established that this statement was false. The Merit Board found that this untruthfulness regarding consultation with a U.S. Postal Inspector was indeed a violation of LMPD SOP 5.1.5 as given in Mr. Jaynes' termination letter.
>
> In addition to this, the Merit Board found that Mr. Jaynes violated LMPD SOP 8.1.17 when he failed to complete a "Search Warrant Operations Plan." This form

is required to be completed by the lead investigator before any search warrant is executed, and is to include information regarding the nature of the search to be conducted. Mr. Jaynes was unable to present any evidence to show that he ever completed this required form aside from a picture of a white board which he claimed to contain the required information. The Merit Board however found that this was an inadequate substitute for the required form and upheld the violation of LMPD SOP 8.1.17.

. . . .

At Oral Arguments, both parties agree that the crux of this case is the truthfulness of Mr. Jaynes' statement in the search warrant affidavit. Because it is false that he consulted with a U.S. Postal Inspector for this search warrant, the decision of the Merit Board must be affirmed.

On appeal, Mr. Jaynes raises the collective knowledge doctrine to claim that his statement in the search warrant affidavit was not false because he was relying on information from a fellow officer. The collective knowledge doctrine allows one officer to rely on information communicated from a fellow officer to support his or her decision to make a stop or arrest *Lamb v. Commonwealth*, 510 S.W.3d 316, 323 (Ky. 2017). However, the Merit Board directly addressed this argument in its Findings and Order. It held that the collective knowledge doctrine does not apply in this case because the information Mr. Jaynes provided did not come from a reliable LMPD source and was indeed untruthful. *See Merit Board Findings & Order* at p. 187. Further, the collective knowledge doctrine applies primarily to suppression hearings for suspect stops and searches. Its applicability in administrative proceedings is doubtful at best. Regardless of the applicability, the collective knowledge doctrine argument is defeated by

the untruthfulness of the information provided in the search warrant affidavit.

. . .

[E]xtensive evidence was provided to demonstrate that Mr. Jaynes did not directly consult with a Postal Inspector as he claimed in the search warrant affidavit. Indeed, Mr. Jaynes himself testified at the hearing that he had not received the information directly from a Postal Inspector, but had instead received it from [Sergeant] Mattingly. He also testified that he did not know whether Sergeant Mattingly had received the information from a Postal Inspector or a detective with the Shively Police Department. Either way, the information provided in the search warrant affidavit, that Mr. Jaynes had directly verified the information with a Postal Inspector, was false. . . .

The Merit Board conducted a full and comprehensive hearing lasting three days. Its decision is neither arbitrary nor capricious, nor contrary to established law. Instead, it is thorough, well-reasoned, and amply supported by substantial evidence.

In support of his argument on appeal, Mr. Jaynes relies in part on the testimony of his expert witness, Alexander Payne. Mr. Payne testified that the search warrant was not defective pursuant to the collective knowledge doctrine. However, the Merit Board concluded that "[t]he testimony of Alex Payne in this matter revealed that he had not reviewed the entire PSU file which Chief Gentry had before her as she made her decisions to terminate Mr. Jaynes and the Board so finds as a matter of fact."

In addition, Mr. Jaynes cites the testimony of former LMPD Chief Robert Schroeder. He was questioned by Mr. Jaynes' counsel as follows: "[s]o if Detective Jaynes had gotten that information about contact with [United States Postal Service] individual from Sergeant Mattingly, was he entitled to rely on that information?" Mr. Schroeder responded in the affirmative, based on the constructive knowledge doctrine. However, he also testified that he had not reviewed the PSU file. And during his avowal testimony, he stated that "I think it comes down to the question at heart is whether he's saying he verified it or whether he is saying Sergeant Mattingly verified it." Moreover, "[w]ith regard to the Search Warrant Operations Plan, and the violation of SOP 8.1.17," the Merit Board cited the following:

> [Mr. Jaynes] testified that he did not appropriately prepare one but he claimed the white board (AX-7) to be an appropriate substitute. He testified that he was not the one who prepared the white board. The Board finds, therefore, that as the self-identified lead officer in the matter he failed to complete a Search Warrant Operations Plan as required by LMPD SOP 8.1.17.

Other officials involved with the underlying events and investigation testified as well. It is not our task to "determine the credibility or lack thereof, of witnesses. These tasks are assigned to the Board alone . . . ." *Crouch v. Jefferson Cnty., Kentucky Police Merit Bd.,* 773 S.W.2d 461, 463 (Ky. 1988). *See also* Kentucky Revised Statute 67C.323(3)(b) ("The procedure as to the appeal to the

Court of Appeals shall be the same as in any civil action."). Accordingly, we leave the "weighing of the evidence to the fact-finder – here the . . . Board – and that weighing includes credibility determinations." *Kentucky Ret. Sys. v. Ashcraft*, 559 S.W.3d 812, 821 (Ky. 2018).

In consideration of the record and arguments presented, we cannot conclude that the findings of the Merit Board were false or arbitrary. Rather, we conclude that the Board's decision was supported by substantial evidence. In so holding, we reiterate the circuit court's observation that:

> the crux of this case is the truthfulness of Mr. Jaynes'
> statement in the search warrant affidavit. Because it is
> false that he consulted with a U.S. Postal Inspector for
> this search warrant, the decision of the Merit Board must
> be affirmed.

Mr. Jaynes' final argument on appeal that the Merit Board's lawyer displayed prejudice is insufficiently supported and unpersuasive.

## CONCLUSION

Based on the foregoing, we affirm the Jefferson Circuit Court's supplemental order entered on July 13, 2022.

DIXON, JUDGE, CONCURS.

ACREE, JUDGE, CONCURS AND FILES SEPARATE OPINION.

ACREE, JUDGE, CONCURRING: Respectfully, although I fully concur with the presiding Judge's analysis in the body of the Opinion, I disagree

-8-

with a comment in footnote 1 that "[w]e are bound by" the denial of Appellee's motion to dismiss entered by another panel of this Court. We are not so bound and can reconsider that order because the "denial of a motion to dismiss is interlocutory . . . ." *Halle v. Banner Industries of N.E., Inc.*, 453 S.W.3d 179, 184 (Ky. App. 2014). But, even if the motion were brought anew, I would not dismiss the appeal for the same reason given in the November 1, 2022 order.

BRIEF FOR APPELLANT:

Thomas E. Clay
Louisville, Kentucky

BRIEF FOR APPELLEE:

Michael J. O'Connell
Jefferson County Attorney

Carrie P. Hall
David A Sexton
Assistant Jefferson County Attorneys
Louisville, Kentucky