RENDERED: JUNE 21, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0270-MR

STERLING JOHNSON                                         APPELLANT


              APPEAL FROM JEFFERSON CIRCUIT COURT
v.               HONORABLE ANN BAILEY SMITH, JUDGE
                 ACTION NO. 19-CI-003197


LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT;
JACQUELYN GWINN-VILLAROEL,
IN HER OFFICIAL CAPACITY AS
CHIEF OF LOUISVILLE METRO
POLICE DEPARTMENT; AND
LOUISVILLE METRO POLICE
MERIT BOARD                                  APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, ECKERLE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Appellant, Sterling Johnson, was employed as an officer with

the Louisville Metro Police Department (LMPD). In 2018, his employment was

terminated for violating standard operating procedures after he abused his patrol car privileges. More precisely, Johnson took an official vehicle home on one occasion without permission. After a brief suspension, he borrowed another official police vehicle, erroneously claiming that he had his superiors' permission to do so. This event occurred while Johnson was off duty. It appears that he borrowed the vehicle to take his girlfriend to a Christmas light show.

The LMPD's Professional Standards Unit (PSU), performed the initial investigation and recommended termination violating LMPD Standard Operating Procedure (SOP) 5.1.4 (obedience to orders) and SOP 5.1.5 (truthfulness/untruthfulness). The LMPD Chief at the time, Steve Conrad, accepted the PSU's recommendation. Johnson appealed to the Louisville Metro Police Board (Merit Board), which affirmed. The Jefferson Circuit Court affirmed the Merit Board. Johnson now appeals to this Court as a matter of right. He specifically argues that 1) the circuit court should have reversed the Merit Board due to a conflict of interest; 2) the record does not support essential legal and factual conclusions of the Merit Board; and 3) the circuit court erroneously dismissed claims under 42 U.S.C.[1] § 1983. For the following reasons, we affirm.

## STANDARD OF REVIEW

---

[1] United States Code.

A panel of this Court has previously discussed the applicable standard of review as follows:

> In *Crouch v. Jefferson County, Kentucky Police Merit Board*, 773 S.W.2d 461 (Ky. 1988), the Supreme Court of Kentucky held that the standard of review to be applied by the circuit court in this type of case is a modified *de novo*. As explained in *Brady v. Pettit*, 586 S.W.2d 29 (Ky. 1979), this standard allows the reviewing court to invade the mental processes of the Merit Board to determine whether its action was arbitrary. To determine arbitrariness, the circuit court may review the record, the briefs, and any other evidence or testimony which would be relevant to that specific, limited issue. A decision is arbitrary if it is clearly erroneous. *Crouch* at 464, citing *Thurman v. Meridian Mutual Insurance Company*, Ky., 345 S.W.2d 635, 639 (1961). The appeal to circuit court is not the proper forum to retry the merits. It is limited only to the question of whether the Merit Board's action was clearly unreasonable. *Crouch*, 773 S.W.2d at 461.
>
> On appeal from the circuit court, however, this Court is guided by the clearly erroneous standard set out in Kentucky Rules of Civil Procedure (CR) 52.01. We are not to disturb the determinations of the trial court unless they are not supported by substantial evidence. *Stallins v. City of Madisonville*, 707 S.W.2d 349, 350 (Ky. App. 1986). Of course, as with any appeal from a decision of an administrative agency, we review the trial court's application of the law to the facts *de novo*. *See Reis v. Campbell County Board of Education*, 938 S.W.2d 880, 885-86 (Ky. 1996).

*Ca'Mel v. Louisville Metro/Jefferson Cnty. Metro. Gov't Police Dep't*, No. 2013-CA-001988-MR, 2015 WL 226088, at *6 (Ky. App. Jan. 16, 2015). With this standard in mind, we now turn to the record in the present case.

## ANALYSIS

The Merit Board contains an extensive analysis of the underlying events, as well as numerous and precise findings in support of its decision. The Board ultimately concluded as follows: "the Chief of Police was justified in dismissing Mr. Johnson for violating LMPD Standard Operating Procedures 5.1.4 and 5.l.5, and that the Board, after duly considering all aspects of this matter and the totality of the circumstances involving the charges against Mr. Johnson, hereby upholds his termination."

For his first argument, Johnson specifically challenges Brett Hankison's service as a member of the Merit Board. In addressing this issue, the circuit court elaborated that "Hankison was one of the two members representing the Fraternal Order of Police, who were elected by their fellow officers as Board members under KRS[2] 67C.305. Johnson alleges that Hankison had a disciplinary action pending against him during Johnson's hearing . . . ." In resolving this issue, the court concluded that respondents "have shown beyond doubt that the Board had sustained the discipline Chief Conrad levied against Brett Hankison well

---

[2] Kentucky Revised Statutes.

-4-

before he took part in the deliberations in Johnson's case and he was not under investigation for any other offense."

In support of this argument, Johnson cites *Friends of Louisville Public Art, LLC v. Louisville/Jefferson County Metro Historic Landmarks*, 671 S.W.3d 209, 214 (Ky. 2023) (where voting board members' presence raised "a reasonable question of impartiality such that recusal was required as a matter of law"). In that case however, the board members were Louisville Metro employees, and their employer was the applicant. *Id*. at 214-15. "Thus, their participation in the Certificate of Appropriateness determination resulted in a denial of procedural due process for [Appellants] and rendered the Landmarks Commission's decision inherently arbitrary." *Id*. at 214. We find the present case to be distinguishable. Johnson's claimed conflict of interest does not arise from Mr. Hankison's employment. And the petitioner here was Johnson, not Louisville Metro or the Metro Police. In any event, the claimed conflict at issue here involved a SOP violation by Hankison that was remote, resolved, and of seemingly no relevance to the present case.[3]

---

[3] It also appears that Johnson did not object to Hankison's participation during the Merit Board hearing. In fact, the circuit court indicated that the Respondents moved to exclude Hankison due to his absence from a significant portion of the hearing. Johnson opposed Hankison's exclusion. Hankison was ultimately permitted to remain on the panel after he agreed to review the transcript of the testimony he missed.

Next, Johnson contends that the record does not support essential legal and factual conclusions of the Merit Board. He specifically argues that the Board failed to comply with KRS 67C.323, which provides in relevant part as follows:

> If a majority of the members of the board are of the opinion that the action of the chief is unjustified or unsupported by proper evidence, the order of the chief may be set aside and revoked by the board, and the board may impose the penalty or punishment it deems necessary and appropriate, if any; provided however, the board shall not impose a penalty or punishment in excess of the action of the chief. No officer shall be removed or dismissed except as provided for in this section.

Johnson also cites SOP 5.1.5 as requiring truthfulness in a "formal setting, such as testifying in court or in front of another official government body, during a PSU investigation, during an investigation initiated by a commanding officer, or the submission of deceptive documents." He argues that an informal discussion with a superior is outside the scope of this admonition. However, as observed by the Merit Board and circuit court, SOP 5.1.5 also requires that officers be "honest and truthful in all matters related to the scope of their employment and operations of the department . . . ."

In its opinion and order affirming the Merit Board, the Jefferson Circuit Court also provided the following instructive summary of the Board's decision:

• Johnson used a pool car while off-duty in violation of the standing order that he not use a car for anything other than his assigned patrol. He did this even though he had expressly been told by Sgts. Robinson and Berthold, both of whom testified before the board, that he did not have permission.

• Johnson was untruthful to Sgt. Lauder when he said he had permission to take the car.

• Johnson was untruthful to investigators from LMPD PSU-Sgt. Humphrey and Sgt. DeRousseaux- about whether he had permission to use the vehicle.

• In the hearing, Johnson admitted that his statement to Sgt. Lauder was "inaccurate." Johnson denied he was untruthful by claiming his representations to Sgt. Lauder were the result of a misunderstanding, ostensibly because Sgt. Robinson's text regarding permission to use a pool vehicle only forbid him from using it for outside work and for the community event, making no mention of the Mega Cavern light show.

• Johnson's statements that he had permission to use the pool car were untrue. The Board noted in its findings that "Johnson asked [Robinson] for no elaboration on the Mega Cavern issue," and that he "had no reasonable basis to believe that the lack of either permission or the rejection of his request to use the courtesy car should have been interpreted as permission."

• This was the fourth disciplinary action the department took against Johnson in a period of two years; the prior disciplinary actions included a two-day suspension for violating Standard Operating Procedure 7.12.6, Driving Under the Influence and Standard Operating Procedure 2.4.4, Secondary Employment, and the aforementioned 5-day suspension for disobeying the order regarding take home cars. Based on this prior discipline, the Board

found Chief Conrad, who testified and was subjected to cross-examination, was justified in terminating Johnson.

The court also discussed the underlying testimony concerning Johnson's positive performance reviews and commendations.

It is not our task to "determine the credibility or lack thereof, of witnesses. These tasks are assigned to the Board alone . . . ." *Crouch v. Jefferson Cnty., Kentucky Police Merit Bd.*, 773 S.W.2d 461, 463 (Ky. 1988). *See also* KRS 67C.323(3)(b) ("The procedure as to the appeal to the Court of Appeals shall be the same as in any civil action."). Accordingly, we leave the "weighing of the evidence to the fact-finder — here the [] Board — and that weighing includes credibility determinations." *Kentucky Ret. Sys. v. Ashcraft*, 559 S.W.3d 812, 821 (Ky. 2018). In consideration of the record and the law, we cannot conclude that the findings of the Merit Board were arbitrary. Rather, we conclude that the Merit Board's decision was supported by substantial evidence.

Johnson's final argument is that the circuit court erroneously dismissed his due process claims under 42 U.S.C. § 1983. "[I]n order to prevail on [a] claim under § 1983, [a claimant has] the burden of proving the inadequacy of state law remedies." *Presley v. Bd. Of Educ. Of Martin Cty.*, 859 S.W. 2d 133, 134 (Ky. App. 1993). *See also SouthPointe Partners, LLC v. Louisville Metro Gov't*, No. 2019-CA-1784-MR, 2021 WL 1936084, at *8 (Ky. App. May 14, 2021), *review denied* (Mar. 16, 2022) (affirming dismissal of a claim under 42 U.S.C. §

1983 arising from a zoning decision). We agree with the circuit court in the present case that the proper remedy here arose from Johnson's administrative claim. And for that claim, he has received the process that is due. Therefore, we affirm.[4]

## **CONCLUSION**

Based on the foregoing, we affirm the Jefferson Circuit Court's orders entered on July 14, 2021, and February 1, 2023.

ALL CONCUR.

BRIEF FOR APPELLANT:

F. Todd Lewis
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE METRO POLICE
MERIT BOARD:

Mark W. Dobbins
Joanne Lynch
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Mitchel T. Denham
Kristen A. Johnson
Louisville, Kentucky

---

[4] And while not properly developed on appeal, we also affirm the dismissal of Johnson's declaratory judgment action under KRS Chapter 418 and Section 2 of the Kentucky Constitution.