**LOUISVILLE CIVIL SERVICE BOARD and City of Louisville, Appellants,**

v.

**Charles Doug THOMAS, Appellee.**

Court of Appeals of Kentucky.

May 3, 1985.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court June 25, 1985.

Winston E. King, Mark W. Dobbins, Asst. Directors of Law, Louisville, for appellants.

Thomas E. Clay, Louisville, for appellee.

Before COMBS, DUNN and MILLER, JJ.

COMBS, Judge.

This is an appeal from an Order of the Jefferson Circuit Court reversing the Louisville Civil Service Board's decision to affirm appellee's termination from his position with the Louisville Division of Police.

Appellants argue that the trial court erroneously placed the burden of proof with appellants rather than appellee, and complain that the judge considered irrelevant and immaterial evidence in reaching his decision.

Appellee, Charles Doug Thomas, was dismissed from the Louisville Division of Police for violating the Division's rules and standards of conduct. After the Louisville Civil Service Board affirmed his dismissal, Thomas appealed to the Jefferson Circuit Court, which conducted a quasi trial de novo pursuant to KRS 90.190(4), and *Brady v. Pettit*, Ky., 586 S.W.2d 29 (1979). The parties agreed that the record on appeal would include not only a transcript of the proceedings before the Board, but also depositions taken by appellee in a related Federal action. Based on that information, the trial court concluded that appellee's dismissal was arbitrary and it reversed the Board's decision.

Appellants' first argument is that the trial court used an incorrect standard of review in reaching its decision. According to *Civil Service Board, City of Newport v. Fehler*, Ky.App., 578 S.W.2d 254 (1978), a trial court sitting in a de novo review of an administrative ruling may reverse the board if it concludes that the evidence preponderates against the board's decision. The same rule applies to a quasi de novo review, as here. In effect, this standard of review shifts the burden of proof to the discharged employee. *Brady v. Pettit, supra.* Although the trial court's opinion correctly stated *Brady's* standard of quasi de novo review, appellants cite the judge's closing remarks as evidence that the court misapplied the law.

If we were to confine our review to the trial court's final statements we might agree with appellants, but the entire record reveals that the trial judge was familiar with the *Brady* standard and applied it correctly in this case. The judge's wording was somewhat ambiguous, but he clearly decided that appellee showed his dismissal was not supported by the evidence.

Appellants' contention that the trial court considered incompetent evidence on appeal is without merit. The record on appeal was stipulated by the parties, so appellants cannot attack its competency in this court.

The trial judge's findings and conclusions are not clearly erroneous, so we will not disturb his decision.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.