CITY OF LOUISVILLE, By and Through
Thomas T. KUSTER, Director of Public
Health and Safety, Appellant,

v.

Dennis L. MILLIGAN and Louisville
Civil Service Board, Appellees.

No. 89–SC–796–DG.

Supreme Court of Kentucky.

Nov. 8, 1990.

J. Michael Brown, Director of Law, Paul V. Guagliardo, Asst. Director of Law, City of Louisville, Louisville, for appellant.

Mark L. Miller, Miller & Meade, Mark Dobbins, Louisville Civil Service Bd., Louisville, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed a summary judgment of the circuit court which had reversed a decision of the civil service board modifying a penalty imposed on an employee by the safety director.

The issue is whether K.R.S. 90.190(2) provides authority to the civil service board

to modify a disciplinary penalty imposed by the appointing authority.

Milligan was terminated as a police detective for wrongful use of his weapon. He had been employed in the Louisville police division for nineteen years when, while on leave because of a leg injury, he fired shots at an individual he was trying to arrest outside his personal residence. The suspect had broken into Milligan's home the previous day and had assaulted a person living there for which a warrant had been issued. When the suspect returned for a second time to Milligan's home, Milligan attempted to arrest him and in the ensuing scuffle, was struck by a stick and knocked off the porch. Milligan informed the fleeing suspect that he was under arrest before firing two shots at the suspect's legs. The suspect jumped into a waiting automobile and Milligan fired four rounds into the moving vehicle with one shot striking the driver in the ear. Milligan's employment was terminated by the safety director for violating police regulations Rule 4.141, use of deadly force; Rule 4.124, firing at moving vehicle; of the rules and standards of conduct, Louisville Division of Police, and Policy and Procedural Manual, Chapter 3, Section III, Article 29B, Deadly Physical Force. Milligan appealed his dismissal to the civil service board. After an extended evidentiary hearing, the Board found that the police officer's conduct was in violation of departmental rules but because of his good employment record of nineteen years, concluded that dismissal was not justified and fixed his penalty at a 30–day suspension which is the maximum penalty allowed short of termination.

■ Pursuant to K.R.S. 90.190, the civil service *board* is authorized to investigate *and determine the justification for all* suspensions in excess of ten days, or *dismissals* or demotions.... K.R.S. 90.190(5) prohibits suspensions, dismissals or demotion of a covered employee by reason of race, creed, color, religion or political affiliation. In considering the matter it is most important to carefully distinguish between the administrative review between the safety director and the civil service board and

the judicial review given the decision of the board.

K.R.S. 90.190(1) provides that an employee may appeal to the Board any dismissal and entitles that employee to a public hearing. K.R.S. 90.190(2) states in part that the Board has the authority to investigate and determine the justification for all dismissals. The Court of Appeals determined that the key issue centered on the legislative intent and interpretation of the meaning of the word "justification." Justification is a noun meaning to justify or to prove to be right, just or reasonable; to show to have a sufficient reason.

■ The Board is the final administrative reviewing authority of disciplinary actions. It is the duty of the Board to determine from the evidence whether there has been misconduct and also to ascertain whether the disciplinary action was justified under all the facts and circumstances. The power of the Board to modify discipline which is unjustified in the opinion of the Board is consistent with the legislative intent of the General Assembly as found by the Court of Appeals. K.R.S. 90.190(2) does not limit the authority of the Board to modify the penalty against a classified employee. The Board determined that the discharge of Milligan was too severe for the rule infraction involved under all the circumstances and therefore not justified.

■ The civil service statutes for cities of the first class as adopted by the legislature are contained in K.R.S. 90.110 through 90.230. These statutes demonstrate that the legislature intended to establish an independent civilian civil service board which could review actions taken by the department heads of the City of Louisville and determine the justification for such actions. Here, the actions of the Board are an administrative review of the factual findings presented by the safety director. Any logical interpretation of this statute requires that the Board have all the authority which is necessarily inferred or incident to the powers and duties expressly granted to it. K.R.S. 90.190(2) expressly grants the Board the power to investigate and determine the justification for disciplinary actions. The

Board specifically found that the degree of discipline was not justified under all the facts and circumstances. The power to modify discipline is reasonably necessary and appropriate to effect the express powers of the civil service board. To hold otherwise would be to frustrate the purpose of the civil service system.

There is no reported case law in Kentucky interpreting K.R.S. 90.190(2) and the authority of the civil service board to modify discipline. Statutes relating to other civil service or merit systems for public employees within the state use language which is different in form and substance from that designated for cities of the first class. Both sides agree that as many as 83 earlier cases heard by the Board involve the modification of punishment, but this is the first attempt to challenge the authority of the Board since its inception in 1944. The City has consistently acknowledged throughout these proceedings that the Board may overturn disciplinary actions it finds to be disproportionate, arbitrary, unfair or based on discriminatory motives. The City does not concede that the Board may simply conclude that the penalty is not fully justified and substitute its judgment for that of the appointing authority. It would appear that the city's position is that it simply disagrees with the Board's action to reinstate Milligan. The case authorities cited by the City are not persuasive in that they do not apply to the statutory system in this specific situation.

■ "Justification" as used in K.R.S. 90.190(2) provides the civil service board with the authority to determine the fact of guilt and the degree of punishment. This determination must be based on the evidence presented to the Board on appeal and include a review of the decision of the appointing authority. Here the Board found that the dismissal was not justified and imposed a different penalty. There was nothing in the action of the Board that was clearly erroneous or an abuse of discretion. The Board has authority to modify a decision of the appointing authority if the Board determines that the disciplinary

action is arbitrary, unfair, discriminatory or disproportionate.

*Louisville Civil Service Board v. Blair,* Ky., 711 S.W.2d 181 (1986) recognized the authority of the Board to review dismissals under the statute and stated in part that the question of whether an employee's dismissal was justified was never fully presented and that the employee was entitled to a hearing before the Board to determine whether there was sufficient evidence to support his dismissal.

The true purpose of a civil service or merit system concerning public employees can be found in *Ramsey Co. Community Human Serv. Dept. v. Davila,* 387 N.W.2d 421 (Minn.1986) which noted that civil service systems were established to control the unfettered discretion of elected and appointed officials in public employment. At page 429. In this case more than 1500 city employees, including police officers and firefighters, have a right to rely on an independent civil service board as protection from unjustified disciplinary action.

It is our holding that the Louisville Civil Service Board has inherent authority pursuant to the statute to modify disciplinary actions which are found to be unjustified based on the facts and circumstances. The Court of Appeals was correct in finding that the Board is the final local government authority for determining appropriate discipline and is authorized to modify discipline when it finds it to be unjustified.

■ The decision of the Board modifying the discipline was based on substantial evidence and was not arbitrary or capricious and was within the Board's sound discretion.

■ Any review of the decision of an administrative agency must be based on the evidence before it. The agency's findings must be supported by substantial evidence. *Louisville Civil Service Board v. Thomas,* Ky.App., 691 S.W.2d 233 (1985) established the standard of review from decisions of the Board. The appealing party before a trial court sitting in a quasi de novo review, authorized by K.R.S. 90.-190(3), may only reverse the Board if it

concludes that the evidence preponderates against the decision of the board. Here the Board specifically made findings based on the evidence which supported its decision. *Crouch v. Jefferson Co., Ky. Police Merit Board,* Ky., 773 S.W.2d 461 (1989) confirmed the scope of de novo review in public employee discipline cases. Judicial review is limited to a review of the transcript of the proceedings below and any other evidence which is relevant to the issue of arbitrariness.

Here the only evidence before the circuit court in its statutory posture as a reviewing tribunal is the transcript of evidence and the testimony and the findings and order of the Board. No other evidence has been admitted or offered by any party on the issue of arbitrariness. Accordingly, the judicial review must be limited to the decision of the Board based on the record before the Board. *Stallins v. City of Madisonville,* Ky.App., 707 S.W.2d 349 (1986) establishes the standard of judicial review of administrative decisions in disciplinary actions against police officers. The standard guiding the reviewing court is the "clearly erroneous" rule promulgated in CR 52.01. The same standard of review should be applied here. In order to determine that the Board's ruling was clearly erroneous, it must be without adequate evidentiary support. Here there is sufficient evidence before the Board in support of the order reducing the discipline.

A circuit court, in reviewing the decision of the administrative agency, may not substitute its view of the penalty or discipline assessed by the agency. The circuit court is without authority to change the penalty in the absence of a finding that the decision of the Board was arbitrary and capricious or a clear abuse of discretion.

The scope of judicial review pursuant to K.R.S. 15.520(2) was enunciated in *Stallins, supra,* when it was held that the function of the hearing body was to determine whether the officer has violated the rules and if so, it must exercise its discretion in imposing the penalty. The first was subject to judicial review, the second is not.

A reviewing court does not have the authority to review the penalty determination of the civil service board and does not have the power to reverse the disciplinary action taken by the Board.

The Board specifically found that the dismissal was unjustified and should be modified because of Milligan's record and the circumstances surrounding the rule violation. The Board found that he was in fear for the safety of his home and those living there, that it was necessary to defend himself and to apprehend a fleeing suspect. He also testified that he had nineteen years without any other discipline on his record.

*Stallins* stated that the test for arbitrariness in a review of an administrative agency is the absence of substantial evidence to support an action in question or the presence of proof so overwhelming that the relief must be granted.

We must agree with Milligan that no appointing authority may exercise absolute and arbitrary power without being subject to review either by another administrative agency or authority of the courts. *Cf.* Sec. 2 Kentucky Constitution.

The conduct by Milligan was serious and dangerous, but the Board did not abuse its discretion in modifying the penalty from termination to the maximum suspension of thirty days. Milligan had nineteen years of unblemished service and he testified that he was not only attempting to arrest a fleeing suspect, but also believed he was defending his home and a person living in his home who had previously been assaulted and was under the threat of additional assault by the intruder. Under the circumstances, the Board had the authority to determine that dismissal was not justified and was clearly erroneous.

The decision of the Court of Appeals is affirmed and pursuant thereto, Milligan is to be reinstated in accordance with the order of the civil service board.

COMBS, LAMBERT and VANCE, JJ., concur.

LEIBSON, J., dissents by separate opinion in which STEPHENS, C.J., and GANT, J., join.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The Board's statutory authority to review disciplinary action is not absolute or *de novo*. The mandate of KRS 90.190(2) is to "investigate and determine the justification" for such disciplinary action. Thus, there is an administrative review on the issue of whether the appointing authority was justified, or whether the appointing authority was arbitrary and unreasonable.

When reviewing whether there was "justification" for a dismissal, the Board can modify the punishment imposed by the appointing authority only if there is evidence, including any new evidence introduced at the hearing before the Board, that the decision was arbitrary and unreasonable. Such a finding is necessary to prevent the Board from substituting its judgment for that of the appointing authority. Absent such a finding, the Board erred in setting aside the dismissal and imposing a thirty-day suspension.

I would reverse the decision of the Court of Appeals.

STEPHENS, C.J., and GANT, J., join this dissent.