**THE GALLATIN COUNTY BOARD OF EDUCATION, and James R. Palm, Superintendent of The Gallatin County School System, Appellants,**

v.

**Pamela MANN, Appellee.**

NO. 97–CA–1203–MR.

Court of Appeals of Kentucky.

June 19, 1998.

Edward S. Monohan, Giles T. Hertz, Monohan, Hertz & Blankenship, Florence, for Appellants.

Jeffrey Walther, LaDonna L. Koebel, Walther, Roark, Gay & Todd, Lexington, for Appellee.

Before GUDGEL, C.J., and GARDNER and KNOPF, JJ.

*OPINION*

KNOPF, Judge.

This is an appeal pursuant to KRS 161.790 brought by the Gallatin County Board of Education (the Board), and by James R. Palm, Superintendent of the Gallatin County School System (Superintendent Palm). The issue presented is whether a tribunal established pursuant to KRS 161.790 can modify the employment sanctions imposed by the superintendent on a tenured, certified teacher. We find that the tribunal has the inherent authority to affirm, reject, or modify an employment sanction imposed by the superintendent. However, we also find that the tribunal's decision to impose a lesser sanction was unsupported by substantial evidence, and contrary to the tribunal's express findings of fact. Therefore, we reverse the trial court.

The appellee, Pamela Mann, was a tenured Special Education teacher in the Gallatin County School System. During the 1994–1995 school year, Mann experienced a series of health problems.[1] As a result, Mann used all of her fifteen (15) allotted sick days by the early part of the spring semester in 1995. In an effort to accommodate Mann, the school principal, Joseph Payne, allowed her to arrive at 9:30 a.m. However, Mann continued to log her arrival time as 8:00 a.m. on her time sheet.

The discrepancy was first noted on March 16, 1995. Superintendent Palm summoned Mann to his office to explain the time sheet entries. Mann stated that Principal Payne had told her to sign in at 8:00 a.m. every day. Subsequently, Payne denied that he had authorized Mann to sign in at 8:00 a.m., and expressed surprise at her allegation.

Mann then retracted her statement that Payne had authorized her to sign in early. At first, she stated that someone in Principal Payne's office had told her to sign in at 8:00 a.m. However, she refused to say who had done so. Later, Mann admitted that she believed she had misunderstood what she had been told, but she still refused to name the person.

On April 19, 1995, Superintendent Palm sent a notice of termination to Mann. In the notice, Palm stated the grounds for termination:

> [T]he specific charge is that of conduct unbecoming a teacher involving the falsify-

1. Although the Board suggests that Mann failed to prove her medical condition, the Board has never seriously contested the existence of her maladies.

ing of school time worksheet records from February 21, 1995 until March 16, 1995 to collect funds for services not rendered to the Gallatin County Board of Education, [and] giving misleading information to me as Superintendent, additionally [sic] you are guilty of insubordination for refusing to cooperate with me in my investigation.

Record on Appeal [ROA], p. 4.

Mann responded with a notice of her intention to answer the charge. The Kentucky Department of Education appointed a three (3) member tribunal (the tribunal) pursuant to KRS 161.790. At a hearing conducted on May 18, 1995, the tribunal heard testimony and received evidence on the charge. The tribunal issued findings of fact and conclusions of law on June 16, 1995, affirming Superintendent Palm's decision to terminate Mann's contract.

Mann then appealed to the Gallatin Circuit Court. The trial court concluded that "the Tribunal failed to exercise the full scope of its authority in that the Tribunal may modify the sanction imposed by the Superintendent, . . . ." *Opinion and Order*, December 11, 1995, ROA, p. 75. Accordingly, the circuit court remanded for further proceedings.

On remand, the tribunal adopted its prior findings of fact and conclusions of law. However, the tribunal modified Mann's termination to a suspension running through the 1997–98 school year. The Board and Superintendent Palm appealed the decision to the circuit court, which affirmed the tribunal's ruling. They now appeal to this court.

Essentially, this matter concerns the scope of authority of both the tribunal and the superintendent in teacher disciplinary actions. This is an issue of first impression under the version of KRS 161.790 enacted pursuant to the Kentucky Education Reform Act of 1990 (KERA).[2] From the record, it appears that there is great diversity of opinion on this question even within the Department of Education. The version of KRS 161.790 in effect at the time of the proceedings below [3] is as follows:

(1) The contract of a teacher shall remain in force during good behavior and efficient and competent service by the teacher and shall not be terminated except for any of the following causes:

(a) Insubordination, including but not limited to violation of the school laws of the state or administrative regulations adopted by the State Board for Elementary and Secondary Education or lawful rules and regulations established by the local board of education for the operation of schools, or refusal to recognize or obey the authority of the superintendent, principal, or any other supervisory personnel of the board in the performance of their duties;

(b) Immoral character or conduct unbecoming a teacher;

(c) Physical or mental disability;

(d) Inefficiency, incompetency, or neglect of duty, when a written statement identifying the problems or difficulties has been furnished the teacher or teachers involved.

(2) Charges under subsections (1)(a) and (1)(d) of this section shall be supported by a written record of teacher performance by the superintendent, principal, or other supervisory personnel of the district, except when the charges are brought as a result of a recommendation made by a Kentucky distinguished educator under KRS 158.6455.

(3) No contract shall be terminated except upon notification of the board by the superintendent. Prior to notification of the board, the superintendent shall furnish the teacher with a written statement specifying in detail the charge against the teacher. The teacher may within ten (10) days after receiving the charge notify the chief state school officer and the superintendent of his intention to answer the charge, and upon failure of the teacher to give notice

---

2. 1990 *Ky. Acts* ch. 476.

3. The General Assembly amended KRS 161.790 by 1996 *Ky. Acts.* ch. 318, § 53, and 1996 *Ky. Acts* ch. 362, § 6, both effective July 15, 1996. The amendments modified subsection (1)(a), to reflect the changes in the organization of the Department of Education; and subsections (4), (5), (6) and (8), to bring the operation of the tribunal into conformity with the Albert Jones Act of 1994; KRS Chapter 13B.

within ten (10) days, the dismissal shall be final.

(4) Upon receiving the teacher's notice of his intention to answer the charge, the chief state school officer shall appoint a three (3) member tribunal, consisting of one (1) teacher, one (1) administrator, and one (1) lay person, none of whom reside in the district, to conduct an impartial hearing within the district. The chief state school officer shall name the chairman and set the date and time for the hearing. The hearing shall take place no less than twenty (20) days nor more than thirty (30) days after the teacher receives the statement of charges.

(5) The hearing may be public or private at the discretion of the teacher. Both parties may be represented by counsel and may require the presence of witnesses upon subpoenas issued by the chief state school officer. Each witness shall be required to take an oath or affirmation prior to testimony. The local board of education shall provide for a tape and stenographic report of the proceedings and furnish the teacher with a copy. The local board shall pay each member of the tribunal a per diem of one hundred dollars ($100) and travel expenses.

(6) Upon hearing both sides of the case, the tribunal may by a majority vote render its decision or may defer its action for not more than five (5) days.

(7) The superintendent may suspend the teacher pending final action to terminate the contract, if, in his judgment, the character of the charge warrants the action. If after the hearing the decision of the tribunal is against termination of the contract, the suspended teacher shall be paid his full salary for any period of suspension.

(8) The teacher shall have the right to make an appeal to the Circuit Court having jurisdiction in the county where the school district is located. The appeal shall be commenced by filing a petition against the local board of education and the superintendent. The petition shall state the grounds upon which the teacher relies for a reversal or modification of the order of termination of contract. Upon service or waiver of summons in the appeal, the tribunal, with the assistance of the chief state school officer, shall transmit to the clerk of the court for filing a transcript of the original notice of charges and a transcript of all evidence considered at the hearing before the tribunal. The local board of education shall be responsible for the costs of the transcript. The court shall hear the appeal upon the record as certified by the tribunal and shall dispose of the appeal in summary manner. Either the teacher or the superintendent and local board of education may appeal the action of the court to the Court of Appeals. If the appeal is not made within thirty (30) days following the final decision of the tribunal, the decision shall be final.

(9) As an alternative to termination of a teacher's contract, the superintendent upon notifying the board and providing written notification to the teacher of the charge may impose other sanctions, including, suspension without pay, public reprimand, or private reprimand. The procedures set out in subsection (3) of this section shall apply, except to a private reprimand. The teacher may appeal the action of the superintendent, except a private reprimand, in the same manner as established in subsections (4) through (8) of this section. Upon completion of a suspension period, the teacher may be reinstated.

The appellants contend that KRS 161.790 does not expressly permit the tribunal to depart from the sanction imposed by the superintendent. Rather, the appellants assert that the tribunal is only authorized to (1) determine whether the factual allegations set forth by the superintendent are true; and (2) determine whether such conduct constitutes grounds for termination. Thus, the appellants contend that the tribunal sits as a reviewing body over the superintendent's actions, as opposed to considering the matter *de novo*.

We believe that the appellants' interpretation is inconsistent with the language of the statute. Under the pre-KERA version of KRS 161.790, the local board of education was the fact-finder in teacher disciplinary

actions. The local board of education had the authority to make the final determination of dismissal. Thus, the superintendent could not withdraw a recommendation of dismissal prior to the final determination by the board. *Bell v. Board of Education of Harlan*, Ky. App., 557 S.W.2d 433, 434 (1977).

■ The 1990 version of KRS 161.790 follows a similar pattern, but places the ultimate authority to terminate the teacher's contract in the hands of the tribunal instead of the local board of education. *Reis v. Campbell County Board of Education*, Ky., 938 S.W.2d 880, 886 (1996). The superintendent serves as the charging authority, and has the authority to suspend the teacher pending final action by the tribunal. KRS 161.790(7). However, the tribunal conducts a full trial-type hearing, complete with representation of the parties by counsel, authority to subpoena witnesses, testimony given under oath and recording of the proceedings. KRS 161.790(5). The tribunal is required to make findings of fact and enter conclusions of law based upon the evidence. Based upon this statutory scheme, we conclude that the tribunal sits as the ultimate trier of fact.[4]

The appellants contend nonetheless that the tribunal's authority does not extend to modifying the superintendent's recommendation of termination. The appellants point to the 1988 amendment to KRS 161.790(7), which permitted the board of education to impose sanctions other than termination. 1988 *Ky. Acts,* ch. 370, § 1(7). This language was deleted from the 1990 version of the statute, and subsection (9) was added. Subsection (9) authorizes the superintendent to impose other sanctions, including suspension without pay, public reprimand and private reprimand. With the exception of private reprimands, all sanctions are subject to review by the tribunal.

The appellants also note that subsection (7) of the 1990 statute speaks only of whether the decision of the tribunal "is against termination of the contract." The appellants argue that the tribunal has no authority to consider sanctions other than those recommended by the superintendent. They conclude that the General Assembly vested the option of imposing alternative sanctions solely with the superintendent.

■ We disagree. Although the 1990 version of KRS 161.790 deleted the specific authorization to modify the sanction, it gave the tribunal the authority to terminate a teacher's contract. The superintendent may only terminate a contract if the teacher fails to give notice of intention to answer a charge within ten (10) days. Once a charge is presented to the tribunal, neither the superintendent nor the board of education has a right of control over the tribunal. *Reis v. Campbell County Board of Education,* 938 S.W.2d at 883.

Furthermore, the tribunal's inherent authority to modify the employment sanction recommended by the superintendent is consistent with administrative procedures in other contexts. Any direct comparison to other administrative disciplinary proceedings is difficult because the powers of administrative bodies in such actions are controlled by the express language of the statute creating them. However, we find the reasoning by the Supreme Court in *City of Louisville by and through Kuster v. Milligan,* Ky., 798 S.W.2d 454 (1990), to be instructive.

*Milligan* involved a city civil service board, established pursuant to KRS 90.190. The Board is similar in function to the tribunal. Under the statute, an eligible city employee may challenge a sanction imposed by the appointing authority. The Board conducts a full, trial-type hearing, issues findings of fact and conclusions of law, and then determines whether the sanction imposed by the appointing authority was justified.

In *Milligan,* the city (like the appellants in the present case) argued that the statute did not expressly authorize the Board to modify the sanction imposed by the appointing authority. The Supreme Court noted that the statute directs the Board to "investigate and determine the justification" for the disciplinary sanction imposed by the appointing au-

---

4. KRS 161.790(5), as amended, expressly provides that the tribunal shall be the ultimate trier of fact.

thority. The Court found that the use of the term "justification" in KRS 90.190(2) provides the Board with the authority to determine the fact of guilt and the degree of punishment. *Milligan,* 798 S.W.2d at 457. The Court concluded:

> The Board is the final administrative reviewing authority of disciplinary actions. It is the duty of the Board to determine from the evidence whether there has been misconduct and also to ascertain whether the disciplinary action was justified under all the facts and circumstances. The power of the Board to modify discipline which is unjustified in the opinion of the Board is consistent with the legislative intent of the General Assembly as found by the Court of Appeals. KRS 90.190(2) does not limit the authority of the Board to modify the penalty against a classified employee.

*Milligan,* 798 S.W.2d at 456.

Although the statutory scheme set out in *Milligan* is different than that laid out in KRS 161.790, we find the reasoning is equally valid in this case. As stated above, the tribunal is the ultimate trier of fact. Moreover, the tribunal, not the superintendent, alone has the authority to make a final determination to terminate a teacher's contract. Furthermore, the tribunal also has authority to make a final determination on the imposition of suspension without pay and public reprimand. The tribunal's power to make findings of fact inherently includes the authority to reach a conclusion different than that reached by the superintendent. Therefore, we conclude that KRS 161.790 does not limit the authority of the tribunal to choose the most appropriate sanction, except that the statute prohibits the tribunal from considering a private reprimand. KRS 161.790(9).

■ The appellants also argue that the decision by the tribunal to alter the employment sanction recommended by the superintendent was not supported by substantial evidence. The standard of review is whether the decision of the tribunal was arbitrary. *Reis v. Campbell County Board of Education,* 938 S.W.2d at 887. Unless the action taken by the tribunal was supported by substantial evidence, it is arbitrary and must be

set aside. *American Beauty Homes Corp. v. Louisville and Jefferson County Planning and Zoning Commission,* Ky., 379 S.W.2d 450, 456 (1964). "Substantial evidence" is defined as evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable persons. *O'Nan v. Ecklar Moore Express, Inc.,* Ky., 339 S.W.2d 466, 468 (1960). In its role as a finder of fact, an administrative agency is afforded great latitude in its evaluation of the evidence heard and the credibility of witnesses, including its findings and conclusions of fact. *Kentucky State Racing Commission v. Fuller,* Ky., 481 S.W.2d 298, 308 (1972).

In this case, the tribunal specifically found "as a matter of law that Superintendent Palm, in carrying out his duties as Superintendent of the Gallatin County Systems, was justified in terminating Pamela Mann's teacher contract." *Final Decision on Remand Hearing, Findings of Fact, Conclusions of Law and Decision of Tribunal,* November 19, 1996, p. 17. The tribunal agreed that Mann's conduct in falsifying her time records constituted conduct unbecoming a teacher. The tribunal also found that her refusal to name the individual who allegedly authorized her to falsify her time records was insubordinate. *Id.* However, the tribunal modified Superintendent Palm's recommendation of termination of her contract, instead imposing a three (3) year suspension. The tribunal did not state any grounds for imposing a lesser sanction.

We emphasize our prior holding that the choice of employment sanction remains within the sound discretion of the tribunal. Nonetheless, once the tribunal made a specific finding that Superintendent Palm was justified in terminating Mann's contract, it must determine that the disciplinary action recommended by the superintendent is arbitrary, unfair, discriminatory or disproportionate. *City of Louisville v. Milligan,* 798 S.W.2d at 457. The record could have supported a finding of mitigating circumstances. Yet the tribunal did not make any findings of mitigating circumstances. Indeed, by finding that the superintendent was justified in terminating Mann's contract, the tribunal made

an express finding to the contrary. Therefore, we must hold that the decision of the tribunal to impose a lesser sanction was unsupported by substantial evidence and arbitrary.

The tribunal's findings of fact are not incomplete or insufficient. Rather the findings support only one (1) conclusion: that Mann was insubordinate and engaged in conduct unbecoming a teacher. This conduct is grounds for termination of her contract under KRS 161.790(1), and the tribunal found that the sanction was justified. Consequently, the tribunal must reinstate its original decision to terminate Mann's contract.

Accordingly, the judgment of the Gallatin Circuit Court is reversed, for the trial court to remand the matter to the tribunal with directions to enter an order terminating Pamela Mann's teaching contract.

All concur.