**Mark FRIEDMAN, Appellant,**

**v.**

**David ARMSTRONG, Jefferson County Judge–Executive; Ron Bishop, Chief, Jefferson County Correctional Department; Jefferson County Fiscal Court, Appellees.**

**No. 2000–SC–0603–DG.**

Supreme Court of Kentucky.

Nov. 21, 2001.

Raymond Clooney, Louisville, Counsel for Appellant.

William Waverly Townes, Ackerson, Mosley & Yann, Louisville, Counsel for Appellees.

JOHNSTONE, Justice.

At issue in this case is whether the final authority to remove Jefferson County Correctional Department employees rests with the Jefferson County Merit Board, or with the Jefferson County Judge–Executive (subject to the approval of the Jefferson Fiscal Court). We conclude that the authority rests with the Jefferson County Judge–Executive and, therefore, affirm the Court of Appeals.

In August 1995, Jefferson County Correctional Department (JCCD) Chief Ron Bishop terminated the employment of Appellant, Mark Friedman, for conduct unbecoming a public employee and for violations of Title VII of the Civil Rights Act, as amended in 1964. Friedman, a twenty-year employee of the JCCD at the time of his dismissal, appealed his termination to the Jefferson County Merit Board (Merit Board). The Merit Board held a hearing on the matter and thereafter rendered its Findings and Recommendation, in which it recommended that Friedman be reinstated. David Armstrong, the Jefferson County Judge–Executive, rejected the Merit Board's recommendation on the basis that the evidence presented to the Merit Board concerning Friedman's violation was "clear, convincing, and not beyond rational dispute." Friedman was not reinstated to his position with the JCCD.

Friedman sought review of Armstrong's decision in the Jefferson Circuit Court. The trial court found that KRS 67B.050 and KRS 67B.060 vested the Merit Board with the final authority to dismiss JCCD employees. Additionally, the trial court found that the Merit Board's recommendation was neither arbitrary nor unreasonable. On these grounds, the trial court ordered that Friedman be reinstated.

Armstrong, Bishop, and the Jefferson County Fiscal Court appealed the trial court's order to the Court of Appeals,

which reversed the trial court. We granted discretionary review and, for the reasons set forth below, we affirm the Court of Appeals.

▬ As a general rule, the county judge-executive has, with the fiscal court's approval, the final authority to terminate a county employee's employment:

> [The county judge-executive's] responsibilities shall include ... [e]xercise with the approval of the fiscal court the authority to appoint, supervise, suspend, and remove county personnel (unless otherwise provided by state law)....

KRS 67.710(7). This statute creates a discretionary power that the fiscal court cannot delegate "to an agent or committee." *Calvert v. Allen County Fiscal Court,* 252 Ky. 450, 67 S.W.2d 701, 703 (1934).

▬ The trial court did not find that there had been a delegation of authority by the fiscal court. Rather, the trial court concluded that the General Assembly had "otherwise provided by state law" that the Merit Board had the final authority to dismiss JCCD employees. The trial court reached this conclusion through its construction of KRS 67B.050 and KRS 67B.060. The trial court's construction was erroneous under the facts of this case.

KRS 67B.060 provides a county fiscal court the permissive authority to create an individual merit system for metropolitan correctional services department employees. The Jefferson County Fiscal Court exercised this permissive authority and created the Jefferson County Metropolitan Correctional Services Department Merit–Personnel Board in 1976. In 1986, the Jefferson County Fiscal Court created the Jefferson County Merit Board, which covered some county employees but not JCCD employees. Jefferson County, Ky., Ordinance No. 8, Series 1986 (June 24, 1986). Rather, JCCD employees remained under the Jefferson County Metropolitan Correctional Services Department Merit–Personnel Board.

In 1988, the Jefferson County Fiscal Court dissolved the Jefferson County Metropolitan Correctional Services Department Merit–Personnel Board it had created in 1976:

> [T]he Jefferson County Metropolitan Correctional Services Department Merit–Personnel Board is hereby dissolved and the resolution creating this Merit Board ... and the subsequent resolutions amending it ... are hereby repealed and of no further force and effect.

Jefferson County, Ky., Ordinance No. 10, Series 1988 at 3 (June 28, 1988). Further, this ordinance expressly provides that all "employees of the Jefferson County Corrections Department employed on or after June 28, 1988 ... shall be covered by the rules and regulations of this Merit Board." *Id.* at 2. Thus, Friedman is covered by the Jefferson County Merit Board.

The trial court mistakenly relied on language in KRS 67B.060 to find that the General Assembly had "otherwise provided by law" the final authority to remove county employees to the Jefferson County Merit Board. KRS 67B.060 states in pertinent part:

> Upon the creation of a metropolitan correctional services department by a county fiscal court, said fiscal court may create a departmental merit system ... whose duties it shall be ... to promulgate rules and regulations governing the classification, qualification, examination, appointment, promotion, demotion, suspension, *and other disciplinary action within the department,* with reference to all personnel of the department....

(Emphasis added). The trial court interpreted "any other disciplinary action with-

in the department" to include employee terminations.

The trial court's interpretation of the statute is very reasonable. *See, e.g.,* KRS 78.405 which, in providing for the establishment of county police merit boards, vests the chief of police with the authority to overturn personnel decisions, subject to judicial review. But KRS 67B.060 has no bearing on the case at bar. Any application it might have had vanished with the dissolution of the Jefferson County Metropolitan Correctional Services Department Merit–Personnel Board in 1988.

Under the express language of Jefferson County Ordinance No. 10, Series 1988 and KRS Chapter 67B, Friedman is subject to the rules and regulations of the Jefferson County Merit Board:

> The department [ (in this case, JCCD) ] shall have and possess, subject to the approval and authorization of the fiscal court, all powers necessary to effectuate its purposes, including[:] ... To employ and dismiss employees as may be necessary for the proper management and operation of the department and of the correctional facilities which are governed by the department, *subject to the department merit system.*

KRS 67B.050(4) (emphasis added). As shown above, the Jefferson County Merit Board is the "merit system" in charge of JCCD employees.

Under the rules and regulations of the Jefferson County Merit Board, the final authority to remove covered employees rests with the Jefferson County Judge–Executive conditioned on the Jefferson County Fiscal Court's approval:

> All appointments, promotions, demotions, lay offs, and dismissals of employees are recommended by the County Judge/Executive, and are subject to the approval of the Fiscal Court.

Jefferson County Merit Board Rule 7.3(1)(a). This rule is consistent with the final authority granted to a county judge-executive by KRS 67.710(7) to remove county employees. This rule was initially issued by the Merit Board in conjunction with its creation and has not been changed since.

Thus, we hold that the trial court erred in finding that the final authority to remove JCCD employees covered by the Jefferson County Merit Board rests with the merit board and, therefore, we affirm the Court of Appeals.

All concur.