**Mark FRIEDMAN, Plaintiff–Appellant,**

v.

**Ronald L. BISHOP, individually and in his official capacity; Angie Mc-Donald–Hackett, individually and in her official capacity; David L. Armstrong, County Judge/Executive, individually and in his official capacity; and Jefferson County Fiscal Court, Defendants–Appellees.**

No. 98–6152.

United States Court of Appeals, Sixth Circuit.

April 8, 2002.

Before SILER, and GILMAN, Circuit Judges.*

PER CURIAM.

Plaintiff Mark Friedman appeals from the district court's grant of summary judgment to the defendants based on qualified immunity. Friedman, a former County Corrections Officer, was terminated from his job by defendant Ronald L. Bishop, Chief of the Jefferson County Corrections Department, and the termination was approved by defendant County Judge/Executive David L. Armstrong and the defen-

---

* The Honorable Harry W. Wellford, Circuit Judge, was a member of the panel when this case was argued. However, he has since retired. The remaining two judges constitute a quorum under Sixth Circuit Rule 203(a).

dant Jefferson County Fiscal Court. We **affirm.**

Friedman appealed his termination to the Jefferson County Merit Board, which recommended that he be reinstated. However, Armstrong refused to reinstate him. Friedman then filed suit against Armstrong, Bishop, and the Fiscal Court, in the Jefferson Circuit Court, which ordered that Friedman be reinstated. After that decision was appealed by Armstrong to the Kentucky Court of Appeals, Friedman filed this case in the district court, claiming violations of 42 U.S.C. § 1983, alleging that the defendants deprived him of his rights under the Fifth and Fourteenth Amendments to the Constitution for failing to give him adequate notice and an opportunity to respond to the allegations against him prior to his termination. The district court granted summary judgment to the defendants, finding that they were entitled to qualified immunity because the law was not clearly established that the County Judge/Executive did not have the authority to discharge Friedman against the recommendation of the Merit Board. After this case was argued before this panel, we certified the matter to the Kentucky Supreme Court pursuant to Kentucky Rule of Civil Procedure 76.37.

Thereafter, the Kentucky Supreme Court decided *Friedman v. Armstrong*, 59 S.W.3d 875 (Ky.2001), which was the final ruling in Friedman's case through the state court system. Because of that decision, the Kentucky Supreme Court declined to accept our certification.

Therefore, because *Friedman*, 59 S.W.3d at 878, held that Armstrong had the final authority, with the approval of the fiscal court, to remove county employees, not only were the defendants entitled to qualified immunity, but there was also no cause of action for the discharge, because it was authorized by law.

Friedman's only response is his argument that the law was exactly the opposite prior to the Kentucky Supreme Court's opinion in *Friedman*. He cites the unreported decision of *Jefferson County Correctional Department v. Peerce*, Civ. Action No. 92–CI–006201 (Ky.Ct.App.1994), to support his position. Friedman's reliance on this opinion, however, is unwarranted, if for no other reason than because the unreported decision has no precedential value. *Artip v. Samons Constr. Inc.*, 54 S.W.3d 169, 173 n. 1 (Ky.Ct.App. 2001) (noting that "according to the Kentucky Rules of Civil Procedure (CR) 76.28(4)(c), unpublished cases are not to be cited as precedent in Kentucky"). His citation to *City of Louisville v. Milligan*, 798 S.W.2d 454 (Ky.1990), is similarly unavailing because *Milligan* did not involve the statute that is at issue in the present case. *Compare Milligan*, 798 S.W.2d at 455–56 (framing the issue as "whether [Kentucky Revised Statute] 90.190(2) provides authority to the civil service board to modify a disciplinary penalty imposed by the appointing authority") *with Friedman*, 59 S.W.3d at 877–78 (interpreting Jefferson County Merit Board Rule 7.3(1)(a) and Kentucky Revised Statute 67.710(7)). Moreover, the fact that this panel certified the question for resolution by the Kentucky Supreme Court shows that reasonable jurists were in doubt about whether the County Judge/Executive's actions were lawful. For these reasons, Friedman's contention that the law was clearly established that the County Judge/Executive lacked the authority to overrule the decision of the merit board before the Kentucky Supreme Court's opinion in *Friedman* has no merit.

**AFFIRMED.**